En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| In re:<br>Lcdo. Jaime Castrillón Ramírez | 99 TSPR 128 |

Número del Caso: TS-5999

Fecha: 8/19/1999

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Jaime Castrillón Ramírez

TS-5999

PER CURIAM

San Juan, Puerto Rico, a 19 de agosto de 1999.

El Lcdo. Jaime Castrillón Ramírez fue admitido al ejercicio de la abogacía y el notariado en noviembre de 1978.

El 13 de enero de 1998, luego de encontrar que existía causa probable para ello, se formularon en contra de Castrillón Ramírez las acusaciones correspondientes, por la comisión del delito de apropiación ilegal agravada, y del delito de posesión y traspaso de documentos falsificados. Conforme a éstas, se acusaba a Castrillón Ramírez de haber obtenido y haber traspasado ilícitamente un cheque por la cantidad de $5,000.

Castrillón Ramírez fue juzgado por tribunal de derecho. El 29 de julio de 1998 dicho tribunal lo

absolvió del delito de apropiación ilegal agravada, pero lo encontró culpable de la comisión del delito grave de posesión y traspaso de documentos falsificados, en violación del Artículo 272 del Código Penal de Puerto Rico, 33 L.P.R.A. 4592.

El 27 de mayo de 1999, el Tribunal de Primera Instancia, Sala Superior de Arecibo, le impuso a Castrillón Ramírez una pena de seis (6) años de reclusión, mediante el régimen de sentencia suspendida.  En esa misma fecha, mediante una resolución, el juez de instancia nos remitió el asunto, con copia certificada de la sentencia dictada.

I

La sección 9 de la Ley de 11 de marzo de 1909, 4 L.P.R.A. sec. 735, en lo pertinente dispone lo siguiente:

> "La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada a la Corte Suprema, el nombre de la persona convicta será borrado, por orden de la Corte, del registro de abogados.  Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, la Corte Suprema estará facultada para dejar sin efecto o modificar la orden de suspensión."

Reiteradamente hemos resuelto que tratándose de abogados, la depravación moral consiste en hacer algo contrario a la justicia, **a la honradez**, a los buenos principios o a la moral.  In re: Ríos Ruiz, 129 D.P.R. 666 (1991); In re: Boscio Monllor, 116 D.P.R. 692 (1985); Morales Merced v. Tribunal Superior, 93 D.P.R. 423 (1966).

Es evidente que el delito por el cual el licenciado Castrillón Ramírez fue encontrado culpable, es contrario a la honradez y a los buenos principios, y constituye depravación moral.

Habiéndose presentado copia certificada de la sentencia condenatoria dictada por el Tribunal de Primera Instancia, y luego del examen del expediente de dicho caso, en virtud de lo dispuesto por la ley citada, y conforme a nuestra facultad inherente para reglamentar el ejercicio de la abogacía y nuestros precedentes sobre el particular,[1] se decreta la separación indefinida del Lcdo. Jaime Castrillón Ramírez del ejercicio de la profesión y se ordena que se borre su nombre del Registro de Abogados.

Se dictará la sentencia correspondiente.

---

[1] In re: Ríos Ruiz, supra; In re: Santiago Casanova, 122 D.P.R. 489 (1988); In re: Malavé Ortiz, 119 D.P.R. 492 (1987), In re: Rivera Cintrón, 114 D.P.R. 481 (1983).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Jaime Castrillón Ramírez
                            TS-5999

SENTENCIA

San Juan, Puerto Rico, a 19 de agosto de 1999.

        Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente, se decreta la separación indefinida del Lcdo. Jaime Castrillón Ramírez del ejercicio de la profesión y se ordena que se borre su nombre del Registro de Abogados.

        Se ordena al Alguacil del Tribunal que proceda a incautarse de la obra notarial, para ser entregada a la Directora de la Oficina de Inspección de Notarías.

        Lo pronunció, manda el Tribunal y certifica la Subsecretaria del Tribunal Supremo. El Juez Presidente señor Andréu García no intervino.

                        Carmen E. Cruz Rivera
                   Subsecretaria del Tribunal Supremo