EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Francisco Cabello Domínguez | 2004 TSPR 8 <br><br> 160 DPR _____ |

Número del Caso: TS-11011


Fecha: 19 de diciembre de 2003


Oficina del Procurador General:
                        Lcda. Noemí Rivera de León
                        Procuradora General Auxiliar



Abogado de la Parte Querellada:
                        Por Derecho Propio


Materia: Conducta Profesional
        (La suspensión será efectiva una vez advenga final
        y firme la Sentencia, conforme la Regla 45 del
        Reglamento del Tribunal Supremo sobre
        reconsideración).

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Francisco Cabello Domínguez          TS-11011


PER CURIAM

San Juan, Puerto Rico a, 19 de diciembre de 2003.


Francisco Cabello Domínguez fue admitido al ejercicio de la abogacía el 17 de enero de 1995 y al ejercicio de la notaría el 4 de agosto de 1997.

El 24 de abril de 2003 Cabello Domínguez se declaró culpable de los siguientes delitos: (1) violación al Artículo 272 del Código Penal de Puerto Rico, posesión y traspaso de documentos falsificados; (2) violación al Artículo 274, falsificación de sellos; (3) violación al Artículo 166(a), apropiación ilegal de fondos públicos; y (4) violación al Artículo 166(b), apropiación ilegal agravada. Esto a raíz de una alegación pre-acordada con el Ministerio Público y aceptada por el Tribunal de Primera Instancia.

El 26 de junio de 2003 Cabello Domínguez fue sentenciado a una pena de seis años de cárcel por cada una de las violaciones referidas, a cumplirse concurrentemente entre sí. También el foro de instancia dispuso la suspensión de la sentencia, a tenor con lo dispuesto en la Ley Número 259 de 3 de abril de 1946, según enmendada, quedando el convicto bajo la custodia legal del tribunal hasta la expiración del periodo máximo de su sentencia bajo las condiciones que le fueron impuestas.

Así las cosas, el 22 de agosto de 2003 el Procurador General de Puerto Rico compareció ante nos y presentó la querella correspondiente en contra de Cabello Domínguez. Expuso que la conducta criminal en que incurrió Cabello Domínguez implicaba depravación moral, por lo que solicitó que decretáramos su separación indefinida del ejercicio profesional y que se eliminara su nombre del registro de abogados.

El 27 de octubre de 2003 le concedimos un término a Cabello Domínguez para mostrar causa, si alguna tuviere, por la cual no debíamos suspenderlo indefinidamente del ejercicio de la abogacía.

El querellado compareció el 5 de noviembre de 2003. Expresó su hondo pesar por su conducta; nos informó del estado de depresión severa en que se encontraba y de la enfermedad terminal de su madre; y nos solicitó que pospusiéramos su desaforo por 120 días para poder concluir el proceso de terapia emocional que recibe al presente.

II

La Sección 9 de la Ley de 11 de marzo de 1909, Leyes de Puerto Rico, 1909, pág. 97, 4 L.P.R.A. sec. 735, dispone lo siguiente:

> El abogado que fuere culpable de engaño, conducta inmoral (malpractice), delito grave (felony) o delito menos grave (misdemeanor) en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por la Corte Suprema de Puerto Rico. **La persona que siendo abogado fuere convicta de un delito grave** cometido en conexión con la práctica de su profesión o **que implique depravación moral, cesará convicta que fuera, de ser abogado** o de ser competente para la práctica de su profesión. **A la presentación de una copia certificada de la sentencia dictada a la Corte Suprema, el nombre de la persona convicta será borrado, por orden de la Corte, del registro de abogados**. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, la Corte Suprema estará facultada para dejar sin efecto o modificar la orden de suspensión. (Énfasis suplido).

La conducta en que incurrió Cabello Domínguez y la sentencia que le ha sido impuesta no nos deja más remedio que proceder ahora a su suspensión indefinida del ejercicio profesional. Así lo hemos hecho de ordinario antes. In re: Castrillón Ramírez, 149 D.P.R. 88 (1999); In re: Ríos Ruiz, 129 D.P.R. 666 (1991); In re: Rivera Cintrón, 114 D.P.R. 481 (1983).

Por todo lo cual, a la luz de lo expuesto, se decreta la separación indefinida de Francisco Cabello Domínguez del ejercicio de la profesión y se ordena que se borre su nombre del Registro de Abogados.

Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá certificarnos en treinta días del cumplimiento de estos deberes.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido, debiendo entregar la misma a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará la sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Francisco Cabello Domínguez            TS-11011

SENTENCIA

San Juan, Puerto Rico a, 19 de diciembre de 2003.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente, se decreta la separación indefinida de Francisco Cabello Domínguez del ejercicio de la profesión y se ordena que se borre su nombre del Registro de Abogados.

Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además deberá certificarnos en treinta días del cumplimiento de estos deberes.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido, debiendo entregar la misma a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Corrada del Río no intervino.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo