*In re* RAMIRO LUIS COLÓN MUÑOZ, querellado.

*Número:* TS-3501          ·          *Resuelto:* 27 de octubre de 1999

*Gustavo A. Gelpí, Procurador General Interino, y Cynthia Iglesias Quiñones, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El Lcdo. Ramiro Luis Colón Muñoz fue admitido al ejercicio de la abogacía y del notariado en febrero de 1970.

En 1995 se formularon en el Tribunal de Distrito Federal para el Distrito de Puerto Rico las acusaciones correspondientes contra Colón Muñoz por la imputada comisión de varios delitos graves, entre ellos el de fraude bancario y falsificación.

Luego del juicio correspondiente ante el tribunal federal, el licenciado Colón Muñoz fue encontrado culpable de once cargos presentados por la Fiscalía federal. El 20 de abril de 1998, el Tribunal de Distrito Federal para el Distrito de Puerto Rico condenó a Colón Muñoz a cumplir veitiún meses de cárcel en una institución de reclusión federal. Lo condenó, además, a que luego de que cumpla el período de prisión, Colón Muñoz permanezca en libertad supervisada por un término de dos años; Colón Muñoz también fue condenado a pagar la cantidad de $20,000 de multa para costear los gastos de su encarcelación y supervisión.

El 1ro de octubre de 1999, la Corte de Apelaciones de Estados Unidos para el Primer Circuito confirmó la convicción de Colón Muñoz en cuanto a cinco de los once cargos referidos antes, incluyendo los relativos a los delitos graves

de fraude bancario y de dar declaraciones falsas en unas solicitudes de préstamos.

El Procurador General compareció ante nos el 14 de septiembre y el 15 de octubre de 1999 para informarnos los hechos antes relatados y para presentar la querella correspondiente contra Colón Muñoz.

## I

La Sec. 9 de la Ley de 11 de marzo de 1909 (4 L.P.R.A. sec. 735), en lo pertinente, dispone lo siguiente:

> ... La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada a la Corte Suprema, el nombre de la persona convicta será borrado, por orden de la Corte, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, la Corte Suprema estará facultada para dejar sin efecto o modificar la orden de suspensión.

Reiteradamente hemos resuelto que tratándose de abogados, la depravación moral consiste en hacer algo contrario a la justicia, *a la honradez*, a los buenos principios o a la moral. *In re Ríos Ruiz*, 129 D.P.R. 666 (1991); *In re Boscio Monllor*, 116 D.P.R. 692 (1985); *Morales Merced v. Tribunal Superior*, 93 D.P.R. 423 (1966).

Es evidente que los delitos por los cuales el licenciado Colón Muñoz fue encontrado culpable son contrarios a la honradez y a los buenos principios, y constituyen depravación moral.

Habiéndose presentado copia certificada de la sentencia condenatoria dictada por el foro federal, y luego del examen del expediente de dicho caso, en virtud de lo dispuesto por la ley citada, y conforme a nuestra facultad inherente

para reglamentar el ejercicio de la abogacía y nuestros precedentes sobre el particular,[1] se decreta la separación indefinida del Lcdo. Ramiro Luis Colón Muñoz del ejercicio de la profesión y se ordena que se borre su nombre del Registro de Abogados.

*Se dictará la sentencia correspondiente.*

El Juez Presidente Señor Andréu García, la Juez Asociada Señora Naveira de Rodón y el Juez Asociado Señor Corrada Del Río no intervinieron.

---

[1] *In re Castrillón Ramírez,* 149 D.P.R. 88 (1999); *In re Ríos Ruiz,* 129 D.P.R. 666 (1991); *In re Santiago Casanova,* 122 D.P.R. 489 (1988); *In re Malavé Ortiz,* 119 D.P.R. 492 (1987); *In re Rivera Cintrón,* 114 D.P.R. 481 (1983).