*In re* LOURDES CALES SANTIAGO, querellada.

*Número:* TS-10,464          *Resuelto:* 22 de octubre de 2001

*Francisco Dolz Sánchez* y *Laura Maldonado Rodríguez*, abogados de la parte querellada.

PER CURIAM: El 27 de junio de 1997, la Lcda. Lourdes Cales Santiago (en adelante licenciada Cales Santiago o querellada) compareció voluntariamente a declarar ante el Tribunal de Distrito Federal para el Distrito de Puerto Rico (en adelante Tribunal de Distrito Federal) en el caso

*U.S. v. José Mercado Febles* (Criminal Núm. 1996–337). Su declaración, bajo juramento, consistió en decir que ella desconocía sobre los actos delictivos del acusado en el trasiego de sustancias controladas. Esta declaración era sumamente importante para conceder o denegar la fianza al acusado.

Un fiscal federal presentó una acusación de dos cargos de perjurio contra la licenciada Cales Santiago. Ante estas circunstancias, el 14 de junio de 1999, se llegó a una alegación preacordada donde la querellada admitió culpabilidad en uno de los cargos de perjurio y el Ministerio Fiscal retiró el otro cargo. De la versión de los hechos del Gobierno federal en la alegación preacordada surge que había evidencia que ubicaba a la abogada en el mismo lugar del acusado cuando éste hacía transacciones ilegales, y ella lo ayudaba en ocasiones a efectuarlas, además, ésta contabilizó dinero producto de estas transacciones. Se estipuló que el falso testimonio de la licenciada Cales Santiago lo prestó para tratar de influenciar al juez para que le concediese fianza al acusado. La querellada pensaba que su estatus de abogada profesional influiría en el ánimo del juez y sostendría la veracidad de su testimonio. La licenciada Cales Santiago fue sentenciada a dos (2) años en probatoria el 20 de enero de 2000.

El 28 de febrero de 2001, el Procurador General presentó la correspondiente querella y solicitó la separación inmediata de la querellada del ejercicio de la profesión de abogada. Vista la querella, el 30 de marzo de 2001, le concedimos a la licenciada Cales Santiago cinco (5) días para que presentara contestación. Luego de concederle una prórroga para contestar, el 22 de junio de 2001 suspendimos inmediata y provisionalmente a la abogada. Le impusimos el deber de notificarnos que cumplió con informarle a sus clientes y a los tribunales su inhabilidad de ejercer su profesión de abogada. La notificación personal de esta resolución se efectuó el 28 de junio de 2001.

Finalmente, el 1ro de agosto de 2001, la querellada presentó su contestación. En ésta expresó que su conducta fue motivada por el deseo de que el padre de la criatura que llevaba en su vientre estuviese presente para el alumbramiento. Alegó que, "al momento de los hechos que dan paso a la querella [ella] pensaba como madre, interesada en que su hijo tuviera su padre presente". Añadió que "el Tribunal de Distrito de los Estados Unidos no ha producido las transcripciones necesarias para presentar evidencia completa y veraz, sobre la totalidad de las circunstancias alrededor del incidente imputado en la querella".[1] No obstante lo anterior, expresó que "no queda[ba] otra alternativa que contestar aceptando los hechos alegados en la querella presentada por la Oficina del Procurador General". Ni en la contestación, ni en lo posterior a ésta, nos informó que había cumplido con nuestra Orden de 22 de junio de 2001. Al considerar lo antes expuesto, procedemos a resolver.

## I

La Ley de 11 de mayo de 1909 (4 L.P.R.A. sec. 735), dispone que el abogado que fuese culpable de engaño, conducta inmoral, delito grave o menos grave en relación con su práctica de la abogacía, o que fuese culpable de cualquier delito que implique depravación moral, puede ser destituido o suspendido de su profesión. No cabe la menor duda que el delito de perjurio implica depravación moral, y, como tal, puede provocar la destitución o suspensión de la profesión de abogacía.[2] Aunque el delito cometido por la

---

[1] Acompañó la contestación con una copia donde el Tribunal de Distrito Federal declaró con lugar —el 21 de mayo de 2001— la moción de la querellada en la cual solicitaba la producción de las transcripciones del caso.

[2] Hemos sido consistentes en la suspensión de abogados que cometen delitos que impliquen depravación moral. En *In re Rúa Cabrer*, 132 D.P.R. 431 (1992), suspendimos al abogado por haber cometido el delito de fraude. En *In re Rivera Medina*, 127 D.P.R. 600 (1990), suspendimos al abogado por haber sido convicto por extorsión. Debemos recordar que no es necesaria una convicción de delito para determinar que el abogado incurrió en faltas de carácter ético.

querellada no fue en la gestión de sus funciones como abogada, sí fue dentro de un proceso judicial. La licenciada Cales Santiago usó su estatus como abogada en la comisión del delito. Esto es, pensó que el juez le impartiría mayor credibilidad a su falso testimonio precisamente por ser abogada. Esta premisa, por sí sola, atenta contra la fundación de los pilares de ética que sostienen a la profesión legal.

■ Además de la aplicación de la Ley de 11 de mayo de 1909, *supra*, la querellante violentó los Cánones 9 y 35 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. El Canon 9 expresa que el abogado debe observar una conducta ante los tribunales que se caracterice por el mayor respeto. Mentir, sin considerar el agravante de hacerlo en una vista judicial y bajo juramento, dista sustancialmente del respeto que todo abogado le debe al tribunal. Esta actuación se contrapone de manera inaceptable al deber de los abogados, como funcionarios auxiliares del tribunal, de colaborar en la compartida e indivisible encomienda de lograr la verdad y administrar cumplida justicia. *Reyes v. Jusino*, 116 D.P.R. 275 (1985).

■ La comisión de perjurio también viola el Canon 35 del Código de Ética Profesional. Este canon le requiere sinceridad y honradez a todo miembro de la profesión legal en su relación con los tribunales. Véanse: *In re Belk, Serapión*, 148 D.P.R. 685 (1999); *In re Martínez, Odell II*, 148 D.P.R. 636 (1999). La querellada desvirtuó un elemento vital en la consecución de la justicia: la verdad.

Por los fundamentos que anteceden, *modificamos la suspensión provisional impuesta a la querellada a una suspensión indefinida de la profesión de la abogacía. No encontramos justificación alguna para la actuación de la querellada. Como agravante de lo ya grave, consideramos su incumplimiento con nuestra Resolución de 22 de junio de 2001. Le ordenamos nuevamente notificar a todos sus clientes de su inhabilidad de seguir representándolos, de*

*devolverles cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá certificarnos dentro de un término de treinta (30) días, contados a partir de la notificación de esta Per Curiam y sentencia, el cumplimiento de estos deberes, notificando también al Procurador General. El incumplimiento con esta orden podrá reflejarse en la imposición de ulteriores sanciones.*

*Se dictará la correspondiente sentencia.*