*In re* Joshua T. Andújar Figueroa, querellado.

*Número:* CP-2002-1          *Resuelto:* 13 de mayo de 2002

*Yvonne Casanova Pelosi, Procuradora General Auxiliar,* y *Vanessa Lugo Flores, Subprocuradora General; Joshua T. Andújar Figueroa, pro se.*

PER CURIAM: El 26 de noviembre de 2001, la Oficina del Procurador General presentó una querella contra el abogado Joshua T. Andújar Figueroa, en la cual alegó que éste había incurrido en la conducta sancionada en la Sec. 9 de la Ley de 11 de marzo de 1909 (4 L.P.R.A. sec. 735). Esta sección regula el desaforo o la suspensión de la profesión de la abogacía a todo abogado que fuere encontrado culpable de delito grave o menos grave, engaño o conducta in-

moral en conexión con el ejercicio de su profesión, o de cualquier delito que implicare depravación moral.

La Oficina del Procurador General acompañó la querella con una copia certificada de una sentencia de la Corte de Distrito Federal para el Distrito de Massachusetts. De ésta se desprende que dicho tribunal acogió una alegación de culpabilidad del abogado querellado por seis cargos de violación al 18 U.S.C. sec. 1427 (venta ilegal de documentos de ciudadanía) y el 42 U.S.C. sec. 408(a)(7)(c) (venta de tarjetas de seguro social). Por éstos recayó sobre el abogado una sentencia de prisión por un término de dieciséis meses. Se le impuso dicha sentencia el 19 de julio de 2001.

Para ofrecer un cuadro más completo del caso de autos, es menester remontarnos a sucesos antes de la presentación de la querella, que surgen del expediente personal del abogado.

El 28 de febrero de 2001, el abogado Joshua T. Andújar Figueroa presentó ante este Tribunal una solicitud para que se eliminara su nombre del Registro de Abogados del Estado Libre Asociado de Puerto Rico. Ante esta solicitud de baja voluntaria, le requerimos al Colegio de Abogados que se expresara. Éste compareció y manifestó que la Comisión de Ética del Colegio de Abogados tenía objeción para autorizar esta baja voluntaria, pues existía una querella contra el abogado presentada por el *Office of the Bar Counsel* del Tribunal Supremo de Massachusetts. Dicha querella estaba relacionada con el arresto del abogado en la ciudad de Boston.[1]

Luego de varios trámites procesales, el Colegio de Abogados, en una moción para someter documentos con fecha de 11 de octubre de 2001, sometió la información sobre la convicción del abogado. Ante esas circunstancias, referimos el caso a la Oficina del Procurador General para la investigación y acción correspondientes. Como resultado

---

[1] Estos hechos obviamente están relacionados con los eventos que culminaron en la sentencia federal que hoy nos ocupa.

de esta investigación, el Procurador presentó la querella antes mencionada de 9 de noviembre de 2001.

Luego de *múltiples intentos infructuosos* por notificar al querellado para que éste se expresara, si así lo deseaba, sobre la querella presentada, éste compareció el 1ro de mayo de 2002; pero, en vez de expresarse sobre la querella, se limitó a solicitar una prórroga. Indicó que hacía un tiempo había cambiado de apartado postal. *A pesar de que el querellado no cumplió con su deber de notificar su cambio de dirección,* tratamos de conseguir una dirección a donde notificarle, luego de que nos fuera devuelta, en varias ocasiones, la correspondencia enviada al apartado postal de Leominster. Fue debido a nuestro interés en notificar al querellado que nuestra última resolución emitida en este caso se remitió a dos direcciones diferentes: la que obra en su expediente como su última dirección y la dirección del centro de corrección que obra en la sentencia federal. En vista de lo anterior, y el patente y recurrente incumplimiento del querellado con su deber de notificarnos su cambio de dirección, se han retrasado innecesariamente e injustificadamente los procedimientos.

Tomando en consideración todo lo anteriormente expuesto, *denegamos la prórroga solicitada y procedemos a dictar sentencia sin el beneficio de la comparecencia del querellado.*

*De lo antes expuesto, surge con meridiana claridad que los delitos cometidos por el abogado querellado implican depravación moral, o sea, falta de honradez,*[2] *y que el abogado aceptó, al hacer alegaciones de culpabilidad, la comisión de los hechos. Así, pues, y examinando el expediente personal del abogado,*[3] *procedemos a decretar la separa-*

---

[2] Según expresado en *In re Colón Muñoz*, 149 D.P.R. 627 (1999), la depravación moral consiste en hacer algo contrario a la justicia, *a la honradez*, a los buenos principios o a la moral.

[3] Surge del expediente personal del querellado que éste había sido apercibido y suspendido de la profesión de abogado en una ocasión anterior por no pagar la cuota colegial. El *per curiam* mediante el cual se suspendió al abogado Andújar

*ción inmediata e indefinida del ejercicio de la abogacía a Joshua T. Andújar Figueroa y a ordenar la eliminación de su nombre del Registro de Abogados del Estado Libre Asociado de Puerto Rico, hasta que otra cosa disponga este Tribunal.*

*Se dictará la correspondiente sentencia.*

El Juez Asociado Señor Fuster Berlingeri concurrió con el resultado sin opinión escrita.

---

Figueroa tiene fecha de 12 de junio de 1998, notificado el 23 de junio de 1998. Luego de haber pagado la cuota el 10 de julio de 1998, el abogado presentó una Moción de Reinstalación, autorizada por este Tribunal el 25 de agosto de 1998 y notificada el 27 de agosto.