per curiam:
El Lie. Lorenzo Muñoz Franco fue admitido al ejercicio de la abogacía el 3 de jimio de 1968 y al ejercicio de la notaría el 23 de enero de 1970. El 24 de mayo de 2002 el representante legal de Muñoz Franco compareció por escrito y nos informó que dicho abogado había resultado convicto ante el Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico.(1) En ese momento se nos informó que pendían ante la consideración del mencionado tribunal varias mociones de desestimación y una moción de absolución. En vista de lo anterior, mediante Resolución de 12 de agosto de 2003 le ordenamos al Procurador General que nos mantuviera informados sobre el resultado de las mencionadas mociones.
Posteriormente, el Procurador General compareció y pre-sentó una querella contra Muñoz Franco al amparo de la See. 9 de la Ley de 11 de marzo de 1909 (4 L.P.R.A. see. 735). Mediante esa querella, el Procurador ños informó que el 12 de febrero de 2004 Muñoz Franco fue hallado culpable de dos cargos por el delito de conspiración para cometer una ofensa o defraudar a Estados Unidos (“conspiracy to commit offense or to defraud United States”, 18 U.S.C.A. sec. 371); dos cargos por el delito de ayudar e incitar al fraude banca-rio (“aiding and abetting in bank fraud”, 18 U.S.C.A. sec. 1344), y cuatro cargos por el delito de ayudar e incitar al uso ilegal de fondos bancarios (“aiding and abetting in misapplication of bank funds”, 18 U.S.C.A. sec. 657).
Según se desprende de la copia certificada de la Senten-cia remitida por el Procurador General, Muñoz Franco fue sentenciado a cumplir cuarenta y seis meses de reclusión por cada uno de los primeros cuatro cargos, así como se-senta meses por cada uno de los restantes cargos, a ser *690 cumplidos de manera concurrente. También se le sentenció a cumplir tres años en libertad supervisada cuando ex-tinga las mencionadas penas de reclusión, así como al pago de $400 por pena especial y una multa de $50,000.
En su querella, el Procurador General adujo que la con-ducta por la cual Muñoz Franco fue hallado culpable de delito implica depravación moral, por lo que —a su juicio— se justifica su separación indefinida del ejercicio de la abogacía. Alegó, además, que Muñoz Franco infringió los Cánones 35 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, por haber faltado a su deber de sinceridad y hon-radez y de exaltar el honor y la dignidad de su profesión, respectivamente.
Examinada la querella presentada por el Procurador General, le ordenamos a Muñoz Franco mostrar causa por la cual no debíamos suspenderlo del ejercicio de la profesión. En cumplimiento con la orden, Muñoz Franco compareció y solicitó que dejáramos en suspenso el proce-dimiento disciplinario hasta tanto el Tribunal de Apelacio-nes de Estados Unidos para el Primer Circuito atendiera finalmente una apelación presentada por él. Alegó que se abstendría voluntariamente de comparecer a los tribuna-les y que no ofrecería representación legal al público. Igual solicitud nos hizo Muñoz Franco en su contestación a la querella, en la cual negó haber incurrido en conducta que implicara depravación moral o haber cometido delito alguno. En dicha contestación, el querellado solicitó la des-estimación de las imputaciones relacionadas con los Cáno-nes 35 y 38 del Código de Ética Profesional, por entender que el Procurador General no expuso hechos suficientes para sustentarlas.
En vista de los hechos mencionados, mediante Resolu-ción de 18 de febrero de 2005 suspendimos provisional-mente a Muñoz Franco del ejercicio de la abogacía y la notaría, hasta tanto dispusiéramos lo contrario. In re Muñoz Franco, 163 D.P.R. 757 (2005). En dicha resolución, impusimos a Muñoz Franco el deber de notificar a todos *691 sus clientes sobre su inhabilidad de seguir representándo-los, de devolver cualesquiera honorarios recibidos por tra-bajos no realizados e informar oportunamente de su sus-pensión a los distintos foros judiciales y administrativos del País. Le ordenamos también que nos certificara el cum-plimiento de dichos deberes y notificara también al Procu-rador General. Asimismo, le ordenamos al Alguacil de este Tribunal que incautara el sello y la obra notarial de Muñoz Franco y los entregara a la Oficina de Inspección de Notarías. En cumplimiento con lo ordenado, Muñoz Franco compareció y nos certificó haber cumplido con lo señalado. Posteriormente, la Secretaría del Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico nos remitió la sentencia emitida por el Tribunal de Apelaciones de Estados Unidos para el Primer Circuito en el caso United States of America v. Lorenzo Muñoz Franco, No. 04-1532. Según surge de este documento, la condena impuesta a Muñoz Franco por el Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico fue confirmada por el mencionado foro apelativo y advino final y firme.
Procedemos a resolver.
I
Es norma reiterada que este Tribunal tiene la facultad inherente para reglamentar el ejercicio de la profesión de la abogacía en nuestra jurisdicción. A tono con dicha autoridad, puede desaforar o suspender a aquellos miembros de la profesión legal que no sean aptos para desempeñar tal ministerio. In re Rivera Vázquez, 168 D.P.R. 168 (2006); In re González Díaz, 163 D.P.R. 648 (2005). Sin embargo, nuestra facultad no se limita a causas que surjan con motivo del ejercicio de la profesión. Ello en vista de que podemos ejercer nuestro poder disciplinario sobre aquella conducta desplegada por el abogado que afecte sus condi- *692 ciones morales y que lo haga indigno de ser miembro de este foro. In re Rivera Vázquez, supra; In re Peña Peña, 153 D.P.R. 642 (2001).
Cónsono con lo anterior, la See. 9 de la Ley de 11 de marzo de 1909 dispone, en lo pertinente, lo siguiente:
El abogado que fuere culpable de engaño, conducta inmoral (;malpractice), delito grave (felony) o delito menos grave (misdemeanor), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abo-gado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser com-petente para la práctica de su profesión. 4 L.P.R.A. see. 735.
Al delinear los contornos del concepto “depravación moral”, hemos establecido que un abogado incurre en dicha conducta cuando hace algo contrario a la justicia, la hon-radez, los buenos principios o la moral. Se trata de “un estado o condición del individuo, compuesto por una defi-ciencia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento ...”. In re Toro Goyco, 170 D.RR. 432, 436-437 (2007). Véanse: In re Guardiola Ramírez, 169 D.P.R. 414 (2006); In re García Quintero, 138 D.P.R. 669, 671 (1995). Asimismo, hemos resuelto que las funciones que competen a todo miembro de la profesión legal, como oficial del tribunal, hacen que un abogado con-victo por delito grave o menos grave que implique depra-vación moral, esté incapacitado para desempeñar ética-mente los deberes que exige la profesión. In re Morell Corrada, 171 D.P.R. 327 (2007); In re Vega Morales, 167 D.P.R. 331 (2006).
Con estos preceptos en mente, examinemos si la con-ducta de Muñoz Franco amerita que lo suspendamos inde-finidamente del ejercicio de la profesión.
*693 II
Muñoz Franco fue hallado culpable en el foro federal por cometer varios delitos: conspiración para cometer una ofensa o defraudar a Estados Unidos; ayudar e incitar al fraude bancario, y ayudar e incitar al uso ilegal de fondos bancarios. Sin duda, la comisión de dichos delitos por parte de Muñoz Franco supone la existencia del elemento de depravación moral en su estado ético. In re Morell Corrada, supra; In re Guardiola Ramírez, supra; In re Colón Muñoz, 149 D.P.R. 627, 629 (1999). De este modo, coincidimos con el criterio del Procurador General de que ello es suficiente para decretar la separación indefinida de Muñoz Franco de la profesión.
Por lo tanto, se suspende indefinida e inmediatamente a Muñoz Franco del ejercicio de la profesión de la abogacía. En vista de que Muñoz Franco ya acreditó su cumplimiento con los deberes de notificar a todos sus clientes sobre su inhabilidad de seguir representándolos, de devolver cuales-quiera honorarios recibidos por trabajos no realizados e in-formar oportunamente de su suspensión a los distintos fo-ros judiciales y administrativos del País, y de que el Alguacil de este Tribunal ya incautó su obra y sello nota-riales y los entregó a la Oficina de Inspección de Notarías, damos por cumplidas las directrices de rigor en estos casos.

Se dictará sentencia de conformidad.

 No se nos informó por cuáles delitos Muñoz Franco fue convicto.