*In re* YESENIA VÁZQUEZ TORRES.

*Número:* TS-16169          *Resuelto:* 30 de junio de 2011

*Guillermo Figueroa Prieto*, abogado de la querellada.

PER CURIAM: Hoy nos vemos forzados a separar de la profesión a una abogada que se declaró culpable del delito de

perjurio ante el Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico. Por entender que la Lcda. Yesenia Vázquez Torres cometió un delito que implica falta de honradez, se le suspende inmediata e indefinidamente del ejercicio de la profesión.

La licenciada Vázquez Torres fue admitida al ejercicio de la abogacía el 26 de enero de 2007 y prestó juramento como notaria el 26 de febrero del mismo año.

El 27 de mayo de 2009, la abogada de epígrafe fue acusada por un Gran Jurado federal (*indictment*), junto con el Sr. José D. Figueroa Agosto T/C/C "Junior Cápsula", de los cargos de *False Statement in Application for a Passport and Aiding and Abetting*, 18 U.S.C.A. sec. 1542, y *Furnishing a Passport which was Secured by Reason of a False Statement*, 18 U.S.C.A. sec. 1542. Luego de llegar a un preacuerdo con el Departamento de Justicia de Estados Unidos, la licenciada Vázquez Torres se declaró culpable de perjurio en el caso *United States v. Yesenia Vázquez Torres*, 10-CR-143 (JAF), el 26 abril de 2010.

De los hechos estipulados en el preacuerdo entre la defensa de la licenciada Vázquez Torres y la Fiscalía federal surge que en o alrededor del 17 de diciembre de 1999, ésta acompañó al señor Figueroa Agosto a la Oficina de Pasaportes del Departamento de Estado de Puerto Rico. Allí, Figueroa Agosto solicitó un pasaporte con el nombre ficticio de "Ángel F. Rosa Rivera". Por su parte, la licenciada Vázquez Torres solicitó un pasaporte a su nombre. En las solicitudes de pasaportes, a sabiendas, ambos ofrecieron la misma dirección residencial —la de Vázquez Torres— a sabiendas de que Figueroa Agosto no residía allí. En específico, la licenciada Vázquez Torres se declaró culpable de *Official certificates or writings*, según dispuesto en el capítulo 47 de 18 U.S.C.A. sec. 1018 y 2(b). Ese delito preceptúa:

Whoever, being a public officer or other person authorized by any law of the United States to make or give a certificate or

other writing, knowingly makes and delivers as true such a certificate or writing, containing any statement which he knows to be false, in a case where the punishment thereof is not elsewhere expressly provided by law, shall be fined under this title or imprisoned not more than one year, or both. Íd.

El mismo 26 de abril de 2010, el Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico le sentenció a cumplir un año de probatoria. El 13 de mayo de 2011, enterado este Tribunal de la convicción por conducto de la Secretaria del Tribunal de Distrito federal, le concedimos a la licenciada Vázquez Torres un término de diez días para que mostrara causa por la cual no se le debía suspender inmediatamente del ejercicio de la abogacía, según lo dispuesto en la Sec. 9 de la Ley de 11 de marzo de 1909 (4 L.P.R.A. sec. 735).

El 31 de mayo de 2011 compareció la representación de la licenciada Vázquez Torres y nos informó que esta se encuentra en un estado delicado de salud. En vista de su situación, solicitó que se aplazara durante noventa días el término para que la abogada contestara nuestra Resolución de 13 de mayo del presente año. No obstante, no negó que su representante era la persona implicada en la referida sentencia federal ni adujo razones por las cuales no debía ser suspendida de la abogacía, según lo dispuesto en la Sec. 9 de la Ley de 11 de marzo de 1909, *supra*. Examinados los hechos expuestos, procedemos a resolver.

I

■  Como es sabido, un abogado que sea culpable de engaño, conducta inmoral, delito grave o delito menos grave en conexión con el ejercicio de su profesión, podrá ser suspendido de la profesión. 4 L.P.R.A. sec. 735. En el pasado hemos expresado que, cuando de una sentencia federal surge la admisión de unos hechos que implican depravación moral y falta de honradez, corresponde la

separación inmediata de un miembro de la profesión legal. *In re Andújar Figueroa*, 156 D.P.R. 873 (2002); *In re Rivera Medina*, 127 D.P.R. 600 (1990). La depravación moral consiste en hacer algo contrario a la justicia, a la honradez, a los buenos principios o a la moral. *In re Colón Muñoz*, 149 D.P.R. 627 (1999); *In re Ríos Ruiz*, 129 D.P.R. 666 (1991); *In re Boscio Monllor*, 116 D.P.R. 692 (1985).

■ Asimismo, hemos suspendido inmediatamente de la profesión a abogados que cometen perjurio por la carga que ello conlleva sobre la expectativa de honradez que se tiene de los abogados. Véase *In re Cales Santiago*, 155 D.P.R. 337 (2001). Esto, pues, como hemos expresado, con sus actuaciones, los abogados reflejan ante la comunidad las bases del concepto que ésta se forme, no solamente del abogado en particular que actúa, sino también de la clase profesional. *In re Coll Pujols*, 102 D.P.R. 313, 319 (1974).

## II

Por los fundamentos que anteceden, estimamos que el delito cometido por la abogada de epígrafe conlleva una seria falta de honradez. Conforme a la jurisprudencia citada, una vez recibida la sentencia condenatoria en casos donde un abogado comete perjurio, corresponde que se le separe de la profesión. Por lo tanto, luego de un examen del expediente de esta abogada, proveemos "no ha lugar" a la moción presentada por su representación legal para un término adicional para mostrar causa y se decreta la suspensión inmediata e indefinida de la Lcda. Yesenia Vázquez Torres del ejercicio de la abogacía.

## III

La licenciada Vázquez Torres *notificará a sus clientes que, por motivo de la suspensión, no puede continuar con su representación legal y les devolverá los expedientes de*

*cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Además, se ordena al Alguacil General de este Tribunal que se incaute la obra notarial de la licenciada Vázquez Torres.*

*Se dictará Sentencia de conformidad.*