Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re:<br><br><br>Yesenia Vázquez Torres | 2011 TSPR 106<br><br>182 DPR \_\_\_\_ |

Número del Caso: TS        - 16169

Fecha: 30 de junio de 2011

Abogado de la Querellada:

Lcdo. Guillermo Figueroa Prieto

Materia:    Conducta Profesional        -   La suspensión será efectiva el                      11 de  ju1io     de 2011 fecha en que se le notificó a                 l a   abogad a   de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está        sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Yesenia Vázquez Torres

TS-16169

PER CURIAM

En San Juan Puerto Rico a 30 de junio de 2011.

El día de hoy, nos vemos forzados a separar de la profesión a una abogada que se declaró culpable del delito de perjurio ante el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico. Por entender que la Lcda. Yesenia Vázquez Torres cometió un delito que implica falta de honradez, se le suspende inmediata e indefinidamente del ejercicio de la profesión.

I.

La licenciada Vázquez Torres fue admitida al ejercicio de la abogacía el 26 de enero de 2007 y prestó juramento como notaria el 26 de febrero del mismo año.

El 27 de mayo de 2009, la abogada de epígrafe fue acusada por un Gran Jurado federal ("indictment"), junto al Sr. José D. Figueroa Agosto T/C/C "Junior Cápsula", de los cargos de "False Statement in Application for a Passport and Aiding and Abetting", 18 USC sec. 1542 and 2, y "Furnishing a Passport which was Secured by Reason of a False Statement", 18 USC sec. 1542. Luego de llegar a un preacuerdo con el Departamento de Justicia de los Estados Unidos, la licenciada Vázquez Torres se declaró culpable de perjurio en el caso United States v. Yesenia Vázquez Torres, 10-CR-143 (JAF), el 26 abril de 2010.

De los hechos estipulados en el preacuerdo entre la defensa de la licenciada Vázquez Torres y la fiscalía federal surge que en o alrededor de la fecha del 17 de diciembre de 1999, ésta acompañó al señor Figueroa Agosto a la Oficina de Pasaportes del Departamento de Estado de Puerto Rico. Allí, Figueroa Agosto solicitó un pasaporte bajo el nombre ficticio de "Ángel F. Rosa Rivera". Por su parte, la licenciada Vázquez Torres solicitó un pasaporte a su nombre. En las solicitudes de pasaportes, a sabiendas, ambos ofrecieron la misma dirección residencial -la de Vázquez Torres- a sabiendas de que Figueroa Agosto no residía allí. En específico, la licenciada Vázquez Torres se declaró culpable de "Official certificates or writings", según dispuesto en el capítulo 47 del título 18 del United States Code, 18 USC sec. 1018 and 2(b). Dicho delito preceptúa:

> Whoever, being a public officer or other person authorized by any law of the United States to make or give a certificate or other writing, knowingly makes and delivers as true such a certificate or writing, containing any statement which he knows to be false, in a case where the punishment thereof is not elsewhere expressly provided by law, shall be fined under this title or imprisoned not more than one year, or both. Íd.

El mismo 26 de abril de 2010, el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico le sentenció a cumplir un año de probatoria. El 13 de mayo de 2011, enterado este Tribunal de la referida convicción por conducto de la Secretaria del Tribunal de Distrito federal, le concedimos a la licenciada Vázquez Torres un término de diez días para que mostrara causa por la cual no se le debía suspender inmediatamente del ejercicio de la abogacía, en virtud de lo dispuesto en la Sec. 9 de la Ley de 11 de marzo de 1909, 4 L.P.R.A. sec. 735.

El 31 de mayo de 2011, compareció la representación de la licenciada Vázquez Torres y nos informó que ésta se encuentra en un estado delicado de salud. En vista de su situación, solicitó que se aplazara durante noventa (90) días el término para que la abogada contestara nuestra Resolución del 13 de mayo del presente año. No obstante, no negó que su representante era la persona implicada en la referida sentencia federal ni tampoco adujo razones por las cuales no debía ser suspendida de la abogacía, a tenor con lo dispuesto en la Sec. 9 de la Ley de 11 de marzo de 1909, *supra*. Examinados los hechos antes expuestos, procedemos a resolver.

II.

Como es sabido, un abogado que fuere culpable de engaño, conducta inmoral, delito grave o delito menos grave en conexión con el ejercicio de su profesión, podrá ser suspendido de la profesión. 4 L.P.R.A. sec. 735. En el pasado hemos expresado que cuando de una sentencia federal surge la admisión de unos hechos que implican depravación moral y falta de honradez, corresponde la separación inmediata de un miembro de la profesión legal. In re Andújar Figueroa, 156 D.P.R. 873 (2002), In re Rivera Medina, 127 D.P.R. 600 (1990). Depravación moral consiste en hacer algo contrario a la justicia, a la honradez, a los buenos principios o a la moral. In re Colón Muñoz, 149 D.P.R. 627 (1999); In re Ríos Ruiz, 129 D.P.R. 666 (1991) In re Boscio Monllor, 116 D.P.R. 692 (1985).

Asimismo, hemos suspendido inmediatamente de la profesión a abogados que cometen perjurio por la carga que ello conlleva sobre la expectativa de honradez que se tiene de los abogados. Véase: In re Lourdes Cales Santiago, 155 D.P.R. 337 (2001). Esto, pues, como hemos expresado, con sus actuaciones, los abogados reflejan ante la comunidad las bases del concepto que ésta se forme, no solamente del abogado en particular que actúa, sino también de la clase profesional. In re Coll Pujols, 102 D.P.R. 313, 319 (1974).

### III.

Por los fundamentos que anteceden, estimamos que el delito cometido por la abogada de epígrafe conlleva una seria falta de honradez. Conforme a la jurisprudencia antes citada, una vez recibida la sentencia condenatoria en casos donde un abogado comete perjurio, corresponde que se le separe de la profesión. Por lo tanto, luego de un examen del expediente de esta abogada, proveemos no ha lugar a la moción presentada por su representación legal solicitando un término adicional para mostrar causa y se decreta la suspensión inmediata e indefinida de la Lcda. Yesenia Vázquez Torres del ejercicio de la abogacía.

### IV.

La licenciada Vázquez Torres notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Además, se ordena al Alguacil General de este Tribunal que se incaute la obra notarial de la licenciada Vázquez Torres.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Yesenia Vázquez Torres                    TS-16169

SENTENCIA

San Juan, Puerto Rico, a 30 de junio de 2011.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, proveemos no ha lugar a la moción presentada por la representación legal de la Lcda. Yesenia Vázquez Torres solicitando un término adicional para mostrar causa y se decreta la suspensión inmediata e indefinida de la licenciada Vázquez Torres del ejercicio de la abogacía.

La licenciada Vázquez Torres notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Además, se ordena al Alguacil General de este Tribunal que se incaute la obra notarial de la licenciada Vázquez Torres.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo