Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re<br><br>Héctor J. Martínez Maldonado | 2012 TSPR 117<br><br>185 DPR \_\_\_\_ |

Número del Caso: TS-14523

Fecha: 5 de julio de 2012

Materia: Conducta Profesional – La suspensión será efectiva el 11 de julio de 2012 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Héctor J. Martínez Maldonado          TS-14,523


PER CURIAM

En San Juan, Puerto Rico a 5 de julio de 2012.

En esta ocasión, nos vemos obligados a suspender provisionalmente a un miembro de la profesión legal al cual el Tribunal de Distrito de los Estados Unidos encontró culpable de cometer soborno, un delito que implica depravación moral y falta de honradez. Por dicha causa, se suspende al Lcdo. Héctor J. Martínez Maldonado inmediata y provisionalmente del ejercicio de abogacía.

I.

El licenciado Martínez Maldonado fue admitido al ejercicio de la abogacía el 28 de abril de 2003, y desde entonces ha estado activo en la profesión.

El 5 de marzo de este año, la Secretaría de la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico nos remitió una copia certificada de la Sentencia emitida el 1 de marzo de 2012 en el caso United States of América v. Héctor Martínez Maldonado, 3:10-CR-232-02 (FAB). En esta, el licenciado Martínez Maldonado fue hallado culpable por el delito de soborno ("Aiding and abetting bribery concerning programs receiving federal funds") dispuesto en el capítulo 31 del título 18 del United States Code, 18 U.S.C. sec. 666(a)(1)(B) & 2. Este delito dispone, en lo pertinente, lo siguiente:

> Theft or bribery concerning programs receiving Federal funds
> **(a)** Whoever, if the circumstance described in subsection (b) of this section exists--
> **(1)** being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof—
> **[…]**
>   **(B)** corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more; or
> **(2)** corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more; shall be fined under this title, imprisoned not more than 10 years, or both.
> 18 U.S.C. sec. 666.

El 2 de abril de 2012, emitimos una Resolución en la cual le concedimos al licenciado Martínez Maldonado un

término de quince (15) días para que mostrara causa por la cual no debíamos suspenderlo provisionalmente de la abogacía, a la luz de lo dispuesto en la Sección 9 de la Ley de 11 de marzo de 1909. Dicha Resolución fue notificada por correo certificado. Al día de hoy, el licenciado Martínez Maldonado no ha comparecido.

II.

Hemos reiterado que este Tribunal tiene la facultad inherente de reglamentar el ejercicio de la abogacía en nuestra jurisdicción y de desaforar o suspender a los abogados que no sean aptos para ejercer la profesión. In re Morell Corrada, 171 D.P.R. 327, 330 (2007); In re González Díaz, 163 D.P.R. 648 (2005). Esta autoridad se extiende a toda conducta del abogado que afecte sus condiciones morales y lo haga indigno de pertenecer a este foro. Íd.

De conformidad con lo anterior, la Asamblea Legislativa promulgó la Ley de 11 de marzo de 1909, la cual establece que un abogado que sea hallado culpable de engaño, conducta inmoral, delito grave o delito menos grave, en conexión con el ejercicio de su profesión, o que sea culpable de cualquier delito que implique depravación moral, podrá ser suspendido o destituido de la profesión. 4 L.P.R.A. sec. 735. Véase, además: In re Dubón Otero, 159 D.P.R. 550 (2003). Así pues, hemos reiterado que cuando de una sentencia federal surge que un abogado cometió unos hechos que implican depravación moral, procede su separación inmediata de la profesión legal. In re Arroyo Arroyo, 182

D.P.R. 83, 85-86 (2011); In re Bernal Sanchez, 160 D.P.R. 286, 288 (2003); In re Andújar Figueroa, 156 D.P.R. 873 (2002), In re Rivera Medina, 127 D.P.R. 600 (1990); In re Torres López, 119 D.P.R. 55 (1987). Como es sabido, depravación moral consiste en hacer algo contrario a la justicia, a la honradez, a los buenos principios o a la moral. In re Colón Muñoz, 149 D.P.R. 627, 629 (1999); In re Ríos Ruiz, 129 D.P.R. 666, 668 (1991).

## III.

Examinada la sentencia condenatoria dictada por el Tribunal de Distrito de los Estados Unidos y la naturaleza del delito cometido por el abogado de epígrafe, es evidente que el mismo constituye causa para decretar la separación provisional del Lcdo. Héctor Martínez Maldonado del ejercicio de la abogacía, hasta tanto advenga final y firme dicha sentencia. De eso ocurrir, se procederá automáticamente a una suspensión indefinida.

Tomamos conocimiento de que el licenciado Martínez Maldonado nos acreditó mediante moción presentada el 28 de febrero de 2012 que no hay ningún caso pendiente ni por presentarse en el Tribunal en el cual sea el representante legal de alguna parte. Por tanto, se entiende cumplido su deber de notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolver a estos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. Asimismo, damos por cumplido su deber de informar de su suspensión a cualquier sala del Tribunal

General de Justicia o foro administrativo en el que tenga algún caso pendiente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Héctor J. Martínez Maldonado                TS-14,523

SENTENCIA

En San Juan, Puerto Rico a 5 de julio de 2012.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la suspensión inmediata y provisional de Héctor J. Martínez Maldonado del ejercicio de la abogacía en nuestra jurisdicción, hasta que otra cosa disponga este Tribunal.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco, el Juez Asociado señor Rivera García y el Juez Asociado señor Estrella Martínez no intervinieron. El Juez Asociado señor Feliberti Cintrón no interviene.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo