per curiam:
En esta ocasión nos vemos obligados a suspender provisionalmente a un miembro de la profesión legal al cual el Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico encontró culpable de cometer soborno, un delito que implica depravación moral y falta de honradez. Por dicha causa se suspende al Ledo. Héctor J. Martínez Maldonado inmediata y provisionalmente del ejercicio de abogacía.
*1086 I
El licenciado Martínez Maldonado fue admitido al ejer-cicio de la abogacía el 28 de abril de 2003, y desde entonces ha estado activo en la profesión. El 5 de marzo de este año, la Secretaría de la Corte de Distrito de Estados Unidos para el Distrito de Puerto Rico nos remitió una copia cer-tificada de la Sentencia emitida el 1 de marzo de 2012 en el caso United States of América v. Héctor Martínez Maldonado, 3:10-CR-232-02(FAB). En esta, el licenciado Martí-nez Maldonado fue hallado culpable por el delito de so-borno (“Aiding and abetting bribery concerning programs receiving federal funds”) dispuesto en el Capítulo 31 de 18 U.S.C.A. sec. 666(a)(1)(B) y (2). Este delito dispone, en lo pertinente, lo siguiente:
Theft or bribery concerning programs receiving Federal funds (a) Whoever, if the circumstance described in subsection (b) of this section exists—
(1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof—
(B) corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more; or
(2) corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more;
shall be fined under this title, imprisoned not more than 10 years, or both. 18 U.S.C.A. sec. 666(a).
El 2 de abril de 2012 emitimos una Resolución en la cual concedimos al licenciado Martínez Maldonado un término de quince días para que mostrara causa por la cual no de-bíamos suspenderlo provisionalmente de la abogacía, a la *1087 luz de lo dispuesto en la See. 9 de la Ley de 11 de marzo de 1909 (4 L..P.R.A. see. 735). Dicha Resolución fue notificada por correo certificado. Al día de hoy, el licenciado Martínez Maldonado no ha comparecido.
II
Hemos reiterado que este Tribunal tiene la facultad inherente de reglamentar el ejercicio de la abogacía en nuestra jurisdicción y de desaforar o suspender a los abogados que no sean aptos para ejercer la profesión. In re Morell Corrada, 171 D.P.R. 327, 330 (2007); In re González Díaz, 163 D.P.R. 648 (2005). Esta autoridad se extiende a toda conducta del abogado que afecte sus condiciones morales y lo haga indigno de pertenecer a este foro. Id.
En conformidad con lo anterior, la Asamblea Legislativa promulgó la Ley de 11 de marzo de 1909, la cual establece que un abogado que sea hallado culpable de engaño, conducta inmoral, delito grave o delito menos grave, en conexión con el ejercicio de su profesión, o que sea culpable de cualquier delito que implique depravación moral, podrá ser suspendido o destituido de la profesión. 4 L.P.R.A. see. 735. Véase, además, In re Dubón Otero, 159 D.P.R. 550 (2003). Así pues, hemos reiterado que cuando de una sentencia federal surge que un abogado cometió unos hechos que implican depravación moral, procede su separación inmediata de la profesión legal. In re Arroyo Arroyo, 182 D.P.R. 83, 85-86 (2011); In re Bernal Sanchez, 160 D.P.R. 286, 288 (2003); In re Andújar Figueroa, 156 D.P.R. 873 (2002), In re Rivera Medina, 127 D.P.R. 600 (1990); In re Torres López, 119 D.P.R. 55 (1987). Como es sabido, la depravación moral consiste en hacer algo contrario a la justicia, a la honradez, a los buenos principios o a la moral. In re Colón Muñoz, 149 D.P.R. 627, 629 (1999); In re Ríos Ruiz, 129 D.P.R. 666, 668 (1991).
*1088 III
Examinada la sentencia condenatoria dictada por el Tribunal de Distrito de Estados Unidos y la naturaleza del delito cometido por el abogado de epígrafe, es evidente que este constituye causa para decretar la separación provisional del Ledo. Héctor Martínez Maldonado del ejercicio de la abogacía, hasta tanto advenga final y firme dicha sentencia. De eso ocurrir, se procederá automáticamente a una suspensión indefinida.
Tomamos conocimiento de que el licenciado Martínez Maldonado nos acreditó mediante una moción presentada el 28 de febrero de 2012 que no hay ningún caso pendiente ni por presentarse en el Tribunal en el cual sea el repre-sentante legal de alguna parte. Por lo tanto, se entiende cumplido su deber de notificar a sus clientes que, por mo-tivo de la suspensión, no puede continuar con su represen-tación legal ni devolverles los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. Asimismo, damos por cumplido su deber de in-formar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga al-gún caso pendiente.

Se dictará Sentencia de conformidad.

La Jueza Asociada Señora Pabón Charneco, el Juez Aso-ciado Señor Rivera García y el Juez Asociado Señor Estre-lla Martínez no intervinieron. El Juez Asociado Señor Fe-libertó Cintrón no interviene.