EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Lara H. Castro Ward | 2019 TSPR 68<br><br>202 DPR \_\_\_\_ |

Número del Caso:  TS-18,083

Fecha: 10 de abril de 2019

Materia:  La suspensión será efectiva el 30 de abril de 2019, fecha en que se le notificó a la abogada de su suspensión.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

|  | | Conducta |
| --- | --- | --- |
| Lara H. Castro Ward | TS-18,083 | Profesional |

*PER CURIAM*

En San Juan, Puerto Rico, a 10 de abril de 2019.

En este caso suspendemos de manera permanente e indefinida a una abogada por su convicción en el foro federal por delitos menos graves en conexión con el ejercicio de la abogacía y los cuales, a su vez, denotan un carácter moralmente corrompido que la incapacita para continuar ejerciendo la profesión legal. Hacemos esto de conformidad con la Sección 9 de la Ley de 11 de marzo de 1909, 4 LPRA sec. 735, y a base de nuestro poder inherente para reglamentar la profesión de la abogacía y la notaría. Veamos.

La Lcda. Lara H. Castro Ward fue admitida al ejercicio de la abogacía el 8 de febrero de 2011 y al de la notaría el 30 de diciembre de ese mismo año.

La Fiscalía Federal presentó cargos contra la licenciada Castro Ward en el caso <u>United States of America v. Lara Castro-Ward</u>, Caso Núm. 3:10-cr-00332 (FAB). Luego de llegar a un preacuerdo con la Fiscalía Federal, el 29 de agosto de 2018 la licenciada Castro Ward se declaró culpable de dos (2) cargos de intento de introducir contrabando (específicamente, teléfonos celulares) al *Metropolitan Detention Center* (MDC) en Guaynabo, Puerto Rico, en violación al 18 U.S.C. sec. 1791.[1]

Tras tomar conocimiento oficial de que la letrada había hecho alegación de culpabilidad y obtener copia de los documentos pertinentes del proceso penal por medio de la Secretaría del Tribunal Federal, el 7 de septiembre de 2018, emitimos una *Resolución* ordenándole que compareciera en el término de diez (10) días, contados a partir de la notificación de dicha *Resolución*, para que

---

[1]    En resumen, estos fueron algunos de los hechos estipulados en el preacuerdo:

> On July 30, 2016, the defendant, Lara Castro Ward, entered Metropolitan Detention Center ("MDC") in Guaynabo, Puerto Rico. MDC is a facility within the Bureau of Prisons, an agency within the United States Department of Justice that is responsible for de administration of the Federal prison system. **The defendant had in her possession when she entered MDC, binders containing multiple cellular telephones that had been sewn into their lining.  She had previously provided cellular phones to inmates within MDC using such binders, for a fee, and intended to do the same with the cellular phones she possessed on that day**. Pursuant to BOP policy, cellular phones and electronic devices are contraband in prison. (Énfasis suplido). *Plea Agreement*, pág. 11.

mostrara causa por la cual no debía ser suspendida de la profesión legal provisionalmente.

El 19 de septiembre de 2018, la licenciada Castro Ward compareció ante nosotros mediante escrito intitulado *Revisión mostrando causa*. Luego de evaluarlo, no encontramos que esbozara razones meritorias, por lo que ordenamos su suspensión provisional del ejercicio de la abogacía y de la notaría, a través de la *Resolución* emitida el 25 de septiembre de 2018. Por este medio, le requerimos también que nos mantuviera informados sobre el estado del procedimiento penal en su contra y le apercibimos de que, una vez el foro federal dictara sentencia y ésta adviniera final y firme, procederíamos a suspenderla indefinidamente de la profesión legal.

Así las cosas, el 12 de marzo de 2019, la señora Castro Ward fue sentenciada en el foro federal a cumplir cinco (5) años de probatoria; se le impuso una multa de $4,000.00; se le ordenó continuar participando de programas de rehabilitación certificados; y a realizar doscientas cincuenta (250) horas de servicio comunitario.

De lo antes expuesto, surge claramente que la señora Castro Ward, al suscribir el preacuerdo y hacer la alegación de culpabilidad, aceptó la comisión de los delitos imputados mientras realizaba gestiones profesionales como abogada y de hechos que implicaron falta de honradez y depravación moral. *In re* Colón Muñoz, 149 DPR 627 (1999).

Al amparo de la Sección 9 de la Ley de 11 de marzo de 1909, *supra*, y del poder inherente de este Tribunal para reglamentar la profesión legal, una vez presentada una copia certificada de la *Sentencia*, procede la separación inmediata de la práctica de la abogacía y de la notaría. *In re* Rivera Medina, 127 DPR 600, 601 (1990). Es decir, cuando un letrado se declara culpable de un delito en conexión con el ejercicio de la profesión y de hechos que implican depravación moral y falta de honradez, corresponde su separación de la profesión. *In re* Vázquez Torres II, 182 DPR 853, 855 (2011); *In re* Andújar Figueroa, 156 DPR 873 (2002); *In re* Rivera Medina, *supra*.

Por cuanto, procedemos a decretar la separación permanente e indefinida del ejercicio de la abogacía y de la notaría de la Sra. Lara H. Castro Ward.[2] Además, ordenamos la eliminación de su nombre del Registro Único de Abogados y Abogadas.

La señora Castro Ward deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos en los que

---

[2] Su fianza notarial se dio ya por terminada. Véase nuestra *Resolución* de 25 de enero de 2019. Surge del expediente que, luego de haber sido inspeccionada, su obra notarial se encuentra en el Archivo Notarial del Distrito Notarial de San Juan.

tenga algún asunto pendiente. Asimismo, deberá acreditar y certificar a este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, a partir de la notificación de esta *Opinión Per Curiam* y *Sentencia*.

Notifíquese personalmente esta *Opinión Per Curiam* y *Sentencia* a la Sra. Lara H. Castro Ward a través de la Oficina del Alguacil de este Tribunal.

Se dictará *Sentencia* de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Lara H. Castro Ward                    TS-18,083

Conducta
Profesional

SENTENCIA

En San Juan, Puerto Rico a 10 de abril de 2019.

Por los fundamentos expuestos en la *Opinión Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente *Sentencia*, decretamos la separación permanente e indefinida de la Sra. Lara H. Castro Ward del ejercicio de la abogacía y la notaría.

Deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Asimismo, deberá acreditar y certificar a este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, a partir de la notificación de esta *Opinión Per Curiam* y *Sentencia*.

Notifíquese personalmente esta *Opinión Per Curiam* y *Sentencia* a la Sra. Lara H. Castro Ward a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo