(*Fdo.*) Aida Ileana Oquendo Graulau
*Secretaria del Tribunal Supremo*

*In re* RAÚL E. GONZÁLEZ DÍAZ, querellado.

*Número:* TS-2488 *Resuelto:* 18 de enero de 2005

*Roberto J. Sánchez Ramos*, procurador general, querellante; *Jorge E. Vélez Vélez*, abogado del querellado; *Raúl González Díaz*, abogado querellado.

PER CURIAM:

## I

Raúl González Díaz fue admitido al ejercicio de la abogacía el 5 de noviembre de 1964 y al ejercicio de la notaría el 8 de enero de 1969.

En mayo de 2004 el Tribunal de Primera Instancia declaró culpable a González Díaz por la comisión de los deli-

tos de sodomía y violación,[1] sentenciándolo a cumplir diez y quince años de reclusión, respectivamente, de forma concurrente. En vista de ello, el Procurador General de Puerto Rico formuló una querella contra González Díaz en la cual solicitó que decretáramos su separación indefinida del ejercicio de la abogacía, así como la eliminación de su nombre del Registro de Abogados. Argumentó que la conducta exhibida por éste constituía depravación moral, razón suficiente para su desaforo de acuerdo con la Sec. 9 de la Ley de 11 de marzo de 1909,[2] y violaba, a su vez, el Canon 38 del Código de Ética Profesional.[3] A dicha solicitud, González Díaz se opuso, en vista de que la aludida sentencia fue apelada.[4] González Díaz entiende que la petición del Procurador General es prematura.

Vista la querella y su contestación, concedimos un término al querellado González Díaz para que mostrara causa por la cual no debíamos ordenar su suspensión de la práctica de la abogacía. En cumplimiento con lo ordenado, éste compareció. Resolvemos.

## II

Como se sabe, este Tribunal posee la facultad inherente de reglamentar el ejercicio de la abogacía en nuestra jurisdicción. Como parte de dicha autoridad, puede desaforar o suspender a aquellos miembros de la profesión legal que no sean aptos para desempeñar tal ministerio. Sin embargo, esta facultad no se limita a aquellas causas que surjan con motivo del ejercicio de la profesión; basta con que la conducta desplegada por el abogado afecte sus condiciones morales y, de esa forma, lo haga indigno de ser

---

[1] Arts. 103 y 99 del Código Penal de Puerto Rico de 1974 (33 L.P.R.A. secs. 4065 y 4061).

[2] 4 L.P.R.A. sec. 735.

[3] 4 L.P.R.A. Ap. IX.

[4] *Pueblo v. Raúl González Díaz*, Caso KLAN2004-00721.

miembro de este foro. *In re León Sánchez*, 159 D.P.R. Ap. (2003); *In re Calderón Nieves*, 157 D.P.R. 299 (2002); *In re Peña Peña*, 153 D.P.R. 642 (2001); *In re Rivera Cintrón*, 114 D.P.R. 481 (1983). Así también se desprende de la Sec. 9 de la Ley de 11 de marzo de 1909, *supra*, la cual dispone:

> El abogado que fuere culpable de engaño, conducta inmoral (*malpractice*), delito grave (*felony*) o delito menos grave (*misdemeanor*), en conexión con el ejercicio de su profesión o que *fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico*. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo, el nombre de la persona convicta será borrado, por orden del Tribunal, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de Estados Unidos o del Gobernador de Puerto Rico, el Tribunal Supremo estará facultada [sic] para dejar sin efecto o modificar la orden de suspensión. (Énfasis suplido.)

 Conforme a lo anterior, toda conducta delictiva del abogado que evidencie su quebrantamiento moral, aun cuando no sea producto del —o en conexión con el— ejercicio de su profesión, es motivo para desaforarlo o suspenderlo. En este contexto, hemos resuelto que depravación moral consiste en " 'hacer algo contrario a la justicia, la honradez, los buenos principios o la moral' ". *In re Piñero Martínez*, 161 D.P.R. 293, 296 (2004). Véase *In re León Sánchez*, supra. En *In re García Quintero*, 138 D.P.R. 669, 671 (1995), consideramos la depravación moral como el

> ... estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en su [sic] consecuencias.

Ciertamente, los actos por los cuales Raúl González Díaz fue condenado ante el foro de instancia constituyen depravación moral y motivo suficiente para suspenderlo del ejercicio de la abogacía y la notaría en Puerto Rico. Dichos delitos ejemplifican la máxima expresión del menosprecio a la dignidad humana, a la vida y a la seguridad de los demás. El abogado que no puede respetar tan esenciales principios de convivencia social; no es apto para enaltecer el honor de su profesión.

Por los fundamentos que anteceden, y dado que la sentencia condenatoria aún no es final y firme, *decretamos la suspensión inmediata y provisional de Raúl González Díaz del ejercicio de la profesión de la abogacía y de la notaría, hasta que otra cosa disponga este Tribunal. Le imponemos a Raúl González Díaz el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, de devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Deberá, además, certificarnos dentro del término de treinta días, contados a partir de la notificación de la sentencia, el cumplimiento de estos deberes, y notificar también de ello al Procurador General. La oficina del Alguacil de este Tribunal procederá a incautarse del sello y de la obra notarial de Raúl González Díaz, y los entregará a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.*

*Se dictará sentencia de conformidad.*

Los Jueces Asociados Señor Fuster Berlingeri, Señor Rivera Pérez y la Jueza Asociada Señora Fiol Matta no intervinieron.