

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2011 TSPR    96 |
| | |
| | 18 2   DPR _____ |
| Miguel   A.   Arroyo Arroyo | |

Número del Caso: TS        - 6243


Fecha: 8 de junio de 2011


Abogado del Querellado          :


Lcdo.     Manuel Moraza Choisne


Colegio de Abogados de Puerto Rico               :


Lcda. Carmen I. Navas
Procuradora del Abogado

Materia:     Conducta Profesional        -   La suspensión será efectiva el                    15 de  junio    de 2011 fecha en que se le notificó al abogad                    o   de su suspensión inmediata.

Este  documento  constituye  un  documento  oficial  del  Tribunal Supremo que está sujeto a los cambios y correccion                    es del proceso de  compilación  y  publicación  oficial  de  las  decisiones  del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Miguel A. Arroyo Arroyo                    TS-6243

PER CURIAM

En San Juan Puerto Rico a 8 de junio de 2011.

En esta ocasión, nos vemos forzados a separar de la profesión a un abogado que fue convicto del delito de oferta de soborno por el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico. Por entender que el Lcdo. Miguel A. Arroyo Arroyo cometió un delito que implica depravación moral y falta de honradez, se le suspende indefinidamente del ejercicio de la profesión.

I.

El licenciado Arroyo Arroyo fue admitido al ejercicio de la abogacía el 20 de abril de 1979 y prestó juramento como notario el 30 de mayo del mismo año.

En agosto de 2009, el licenciado Arroyo Arroyo fue sentenciado a un año de probatoria por el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico en el caso United States v. Arroyo Arroyo, 07 CR 00318-46 (PG). Esto, pues el 3 de abril del mismo año, el abogado de epígrafe se había declarado culpable de cometer el delito de oferta de soborno ("Bribery of public officials and witnesses"), dispuesto en el capítulo 11 del título 18 del United States Code, 18 USC sec. 201(b)(3). Dicho delito dispone:

> Directly or indirectly, corruptly gives, offers, or promises anything of value to any person, or offers or promises such person to give anything of value to any other person or entity, with intent to influence the testimony under oath or affirmation of such first-mentioned person as a witness upon a trial, hearing, or other proceeding, before any court, any committee of either House or both Houses of Congress, or any agency, commission, or officer authorized by the laws of the United States to hear evidence or take testimony, or with intent to influence such person to absent himself therefrom. Íd.

El 6 de mayo de 2011, enterado este Tribunal de la referida convicción, por conducto de la Secretaria del Tribunal de Distrito federal, le concedimos al licenciado Arroyo Arroyo un término de diez días para que mostrara causa por la cual no se le debía suspender inmediatamente del ejercicio de la abogacía, en virtud de lo dispuesto en la Sec. 9 de la Ley de 11 de marzo de 1909, 4 L.P.R.A. sec. 735.

El 18 de mayo de 2011, comparecieron los licenciados Manuel E. Moraza Choisne y Carmen I. Navas, Procuradores del Abogado del Colegio de Abogados de Puerto Rico, en

representación del licenciado Arroyo Arroyo. En su comparecencia nos informaron que el abogado sufrió una operación que le mantuvo hospitalizado durante cinco meses, sufriendo serias complicaciones, y que al día de hoy se encuentra convaleciendo con una condición de salud precaria. En vista de su situación, solicitaron que se aplazara el término para que el abogado contestara nuestra Resolución del 6 de mayo del presente año.

Actualmente, también existe una querella pendiente contra el licenciado Arroyo Arroyo, CP-2010-15. En ella se le imputa que, siendo abogado de la parte demandada en un pleito de ejecución de hipoteca, éste autorizó una escritura de venta simulada de la propiedad objeto del litigio a los padres de la demandada. Posteriormente, según se alega en la querella, el abogado autorizó la toma de una declaración jurada mediante la cual se vendía el mismo bien inmueble a un tercero. En respuesta a la querella, el 22 de noviembre de 2010, el licenciado Arroyo Arroyo compareció por conducto de su representación legal y esbozó su versión de los hechos. Allí, enfatizó que éste lleva más de treinta años en la profesión y tiene un historial limpio y de honradez, que no tiene quejas anteriores y que goza de excelente reputación.

## II.

Como es sabido, un abogado que fuere culpable de engaño, conducta inmoral, delito grave o delito menos grave, en conexión con el ejercicio de su profesión, podrá ser suspendido de la profesión. 4 L.P.R.A. sec. 735. En el pasado

hemos expresado que cuando de una sentencia federal surge la admisión de unos hechos que implican depravación moral y falta de honradez, corresponde la separación inmediata de un miembro de la profesión legal. *In re Andújar Figueroa*, 156 D.P.R. 873 (2002); *In re Rivera Medina*, 127 D.P.R. 600 (1990); *In re Torres López*, 119 D.P.R. 55 (1987). Depravación moral consiste en hacer algo contrario a la justicia, a la honradez, a los buenos principios o a la moral. *In re Colón Muñoz*, 149 D.P.R. 627 (1999); *In re Boscio Monllor*, 116 D.P.R. 692 (1985).

## III.

Por los fundamentos que anteceden, habiéndose recibido copia certificada de la sentencia condenatoria dictada por el Tribunal de Distrito de los Estados Unidos, estimamos que el delito cometido por el abogado de epígrafe conlleva depravación moral y falta de honradez ante la función judicial. Por lo tanto, luego de un examen del expediente de este abogado, se decreta la separación inmediata e indefinida del Lcdo. Miguel A. Arroyo Arroyo del ejercicio de la abogacía.

El licenciado Arroyo Arroyo notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso

pendiente. Además, se ordena al Alguacil General de este Tribunal que se incaute la obra notarial del licenciado Arroyo Arroyo. De otra parte, se ordena la paralización del procedimiento disciplinario contra el abogado de epígrafe, CP-2010-15.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Miguel A. Arroyo Arroyo                    TS-6243


SENTENCIA

En San Juan Puerto Rico a 8 de junio de 2011.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se decreta la separación inmediata e indefinida del Lcdo. Miguel A. Arroyo Arroyo del ejercicio de la abogacía.

El licenciado Arroyo Arroyo notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente.

Se ordena al Alguacil General de este Tribunal que se incaute la obra notarial del licenciado Arroyo Arroyo. De otra parte, se ordena la paralización del procedimiento disciplinario contra el abogado de epígrafe, CP-2010-15.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo