EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Ramón A. García Suárez | 2013 TSPR 146<br><br>189 DPR ____ |
|---|---|

Número del Caso: TS-4940

Fecha: 13 de diciembre de 2013

Materia: Conducta Profesional – La suspensión será efectiva el 17 de diciembre de 2013, fecha en que se le notificó al abogado de sus suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Ramón A. García Suárez

TS-4940

*PER CURIAM*

En San Juan, Puerto Rico, a 13 de diciembre de 2013.

I.

El licenciado Ramón A. García Suárez fue admitido al ejercicio de la abogacía el 11 de diciembre de 1975 y a la notaría el 4 de febrero de 1976. Hasta el presente, el licenciado García Suárez no había sido objeto de otro procedimiento disciplinario ante este Tribunal.

El 19 de agosto de 2013, la Secretaria de la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico envió a este Tribunal una copia certificada de la Sentencia emitida el 7 de agosto de 2013 en el caso United States of America v. Ramón García-Suárez, 3:12-CR-00420-001 (JAF).

El documento indica que en ese caso criminal el licenciado García Suárez hizo alegación de culpabilidad del delito grave de posesión ilegal de material visual que contiene pornografía infantil, tipificado en el título 18 del Código de Estados Unidos en la sección 2252(a)(4)(B).[1]

El licenciado fue sentenciado a cumplir una pena de reclusión carcelaria, la cual fue satisfecha con el tiempo que estuvo confinado mientras esperaba el juicio, y a diez años de libertad supervisada. Como consecuencia, la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico instó una acción disciplinaria en contra del licenciado García Suárez, pero como medida cautelar le suspendió inmediatamente

---

[1] El título 18 del Código de Estados Unidos en la sección 2252(a)(4)(B) dispone: "Certain activities relating to material involving the sexual exploitation of minors – **(a)** Any person who: **(4)**(B) knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct; shall be punished as provided in subsection (b) of this section". 18 U.S.C. sec. 2252(a)(4)(B).

del ejercicio de la abogacía en ese foro hasta que culminara el proceso disciplinario.[2]

El 6 de septiembre de 2013 emitimos una Resolución en la que concedimos al licenciado García Suárez un término de cinco días para que mostrara causa por la cual no debíamos suspenderlo provisionalmente de la abogacía al amparo de la sección 9 de la Ley de 11 de marzo de 1909. A través de la Oficina del Alguacil General de este Tribunal, el 10 de septiembre de 2013 le notificamos personalmente al letrado nuestra orden. Al día de hoy, el licenciado García Suárez no ha comparecido.

## II.

Este Tribunal Supremo tiene la facultad inherente de reglamentar el ejercicio de la abogacía en nuestra jurisdicción.[3] Como parte de ello, podemos desaforar o suspender a aquellos miembros de la profesión que no estén aptos para desempeñar tan delicado ministerio.[4] La Sec. 9 de la Ley de 11 de marzo de 1909 dispone que un abogado o abogada que sea hallado culpable de

---

[2] *Order of immediate suspension and to show cause* emitida el 19 de agosto de 2013. El 9 de septiembre de 2013, la Secretaria de la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico remitió a este Tribunal una copia certificada de dicha orden.

[3] *In re* Martínez Maldonado, 185 D.P.R. 1085, 1087 (2012); *In re* González Díaz, 163 D.P.R. 648, 650-651 (2005).

[4] *In re* Morell Corrada, 171 D.P.R. 327, 330 (2007); *In re* González Díaz, supra.

engaño, conducta inmoral, delito grave o delito menos grave, en conexión con el ejercicio de su profesión, o que sea culpable de cualquier delito que implique depravación moral, podrá ser suspendido o destituido de la profesión.[5]

No obstante, los motivos para ejercer nuestra facultad disciplinaria no se limitan a esos dispuestos por ley, sino que se extienden a toda conducta desplegada por el abogado que afecte su condición moral y, de esa forma, lo haga indigno de ser miembro de este foro.[6] Por tanto, toda conducta delictiva del abogado que evidencie su quebrantamiento moral, aun cuando no sea producto o en conexión con el ejercicio de su profesión, es motivo para desaforarlo o suspenderlo. En

---

[5] La Sección 9 de la Ley de 11 de marzo de 1909, 4 L.P.R.A. sec. 735, dispone lo siguiente: "El abogado que fuere culpable de engaño, conducta inmoral (*malpractice*), delito grave (*felony*) o delito menos grave (*misdemeanor*), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo, el nombre de la persona convicta será borrado, por orden del Tribunal, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, el Tribunal Supremo estará facultad[o] para dejar sin efecto o modificar la orden de suspensión."

[6] *In re* González Díaz, supra.

reiteradas ocasiones, cuando una sentencia del foro federal indica que un abogado cometió unos hechos que implican depravación moral, le hemos separado inmediatamente de la profesión legal.[7]

Anteriormente, este Tribunal ha expresado que depravación moral consiste en hacer algo contrario a la justicia, la honradez, los buenos principios o la moral. Así también, hemos definido depravación moral como "el estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en su[s] consecuencias".[8]

### III.

El licenciado Ramón A. García Suárez se declaró culpable en el foro federal de cometer el delito grave de pornografía infantil al poseer ilegalmente material visual que exhibe a menores de edad sosteniendo conducta sexual explícita. La conducta desplegada en la comisión de ese delito caracteriza lo que hemos

---

[7] In re Arroyo Arroyo, 182 D.P.R. 83 (2011); In re Castillo Martínez, 173 D.P.R. 249 (2008); In re Martínez Maldonado, supra; In re Morell Corrada, supra.

[8] In re González Díaz, supra, a la pág. 651; In re Piñero Martínez, 161 D.P.R. 293, 296 (2004); In re García Quintero, 138 D.P.R. 669, 671 (1995).

definido como depravación moral.[9] El acto delictivo de pornografía infantil aceptado por el licenciado García Suárez refleja la falta de justicia, de honradez y de buenos principios en su estado ético.

Un abogado convicto por un delito grave que implica depravación moral está incapacitado para el ejercicio de la abogacía.[10] Por todo lo antes expuesto, procede que suspendamos indefinida e inmediatamente al señor Ramón A. García Suárez del ejercicio de la profesión de la abogacía y la notaría en Puerto Rico. Como consecuencia, se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del señor Ramón A. García Suárez y entregarlos al Director de la Oficina de

---

[9] *In re* Morell Corrada, supra; *In re* Carrasquillo Ortiz, 163 D.P.R. 589, 593 (2004); *In re* García Quintero, supra.

[10] *In re* Vega Morales, 167 D.P.R. 331, 334 (2006).

Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Ramón A. García Suárez

TS-4940

*SENTENCIA*

En San Juan, Puerto Rico, a 13 de diciembre de 2013.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte integrante de la presente Sentencia, se suspende indefinida e inmediatamente al señor Ramón A. García Suárez del ejercicio de la profesión de la abogacía y la notaría en Puerto Rico. Como consecuencia, se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del señor Ramón A. García Suárez y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo