EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Astrid Colón Ledée | 2014 TSPR 15 <br><br> 190 DPR ____ |

Número del Caso: TS-10681

Fecha: 10 de enero de 2014

Materia: Conducta Profesional – La suspensión del será efectiva una vez advenga final y firme la Sentencia conforme la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

    TS-10681

Astrid Colón Ledée

*Per Curiam*

En San Juan, Puerto Rico, a 10 de enero de 2014.

I.

La licenciada Astrid Colón Ledée fue admitida al ejercicio de la abogacía en nuestra jurisdicción el 3 de enero de 1994 y a la notaría el 3 de febrero de 1994. Desde entonces la abogada está activa en la profesión y no ha sido objeto de acción disciplinaria por este Tribunal.

Mediante *Orden de Desaforo*, el Tribunal Federal para el Distrito de Puerto Rico separó indefinidamente del ejercicio de la abogacía en ese foro a la licenciada Colón Ledée.[1] Ello como

_____

[1] "Order of Disbarment" emitida por el Tribunal Federal para el Distrito de Puerto Rico el 21 de marzo de 2013 en el caso MISC. NO. 12-258 (ADC).

medida disciplinaria luego de que la licenciada fuera convicta de delito grave, específicamente por haber cometido fraude en un procedimiento de quiebra.[2] Según la orden de desaforo, la abogada solicitó que no la suspendieran sumariamente hasta tanto se resolviera la apelación que instó para impugnar la convicción penal. La abogada fue condenada a cumplir tiempo en reclusión carcelaria y de libertad supervisada. En el dictamen, el tribunal de distrito instruyó a la Secretaria de ese foro notificar a este Tribunal la orden de desaforo.

Al amparo de la sección 9 de la Ley de 11 de marzo de 1909 (4 L.P.R.A. sec. 735) y del caso *In re Dubón Otero*, 153 D.P.R. 829 (2001), ordenamos a la licenciada Colón Ledée mostrar causa por la cual no debíamos suspenderla sumariamente del ejercicio de la abogacía y notaría. En su escrito *Comparecencia Mostrando Causa*, la abogada solicita que detengamos el procedimiento disciplinario en su contra hasta tanto se resuelva en el foro federal la apelación de su convicción criminal, en la que cree prevalecerá. Sostiene, además, que no debemos suspenderla de la profesión porque nunca ha sido objeto de proceso

---

[2] La licenciada Colón Ledée fue convicta por los siguientes delitos: 18 U.S.C. sec. 152 (1) y (2)- concealment of assets; 18 U.S.C. sec. 152 (7) fraudulent transfers; y 18 U.S.C. sec. 371 – conspiracy to concealment of assets and fraudulent transfers; Véase, "Judgment in a Criminal Case", Case Number: 3:09 CR. 0131-02 (ADC) dictada por el Tribunal Federal para el Distrito de Puerto Rico el 16 de noviembre de 2012.

disciplinario en esta jurisdicción, que ha cumplido con el requisito de educación jurídica continua, ha rendido trabajo *pro bono*, y porque no tuvo la oportunidad de una vista en el proceso de desaforo en la corte de distrito.

II.

Este Tribunal Supremo tiene la facultad inherente de reglamentar el ejercicio de la abogacía en nuestra jurisdicción.[3] Como parte de ello, podemos desaforar o suspender a aquellos miembros de la profesión que no estén aptos para desempeñar tan delicado ministerio.[4] La Sec. 9 de la Ley de 11 de marzo de 1909 dispone que un abogado que sea hallado culpable de engaño, conducta inmoral, delito grave o delito menos grave, en conexión con el ejercicio de su profesión, o que sea culpable de cualquier delito que implique depravación moral, podrá ser suspendido o destituido de la profesión.[5]

---

[3] *In re* García Suárez, 2013 T.S.P.R. 143; *In re* Martínez Maldonado, 185 D.P.R. 1085, 1087 (2012); *In re* González Díaz, 163 D.P.R. 648, 650-651 (2005).

[4] *In re* Morell Corrada, 171 D.P.R. 327, 330 (2007); *In re* González Díaz, supra.

[5] La Sección 9 de la Ley de 11 de marzo de 1909, 4 L.P.R.A. sec. 735, dispone lo siguiente: "El abogado que fuere culpable de engaño, conducta inmoral (*malpractice*), delito grave (*felony*) o delito menos grave (*misdemeanor*), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su

No obstante, los motivos para ejercer nuestra facultad disciplinaria no se limitan a los que son específicamente dispuestos por ley, sino que se extienden a toda conducta desplegada por el abogado que afecte su condición moral y, de esa forma, lo haga indigno de ser miembro de este foro.[6] Por tanto, toda conducta delictiva del abogado que evidencie su quebrantamiento moral, aun cuando no sea producto o en conexión con el ejercicio de su profesión, es motivo para desaforarlo o suspenderlo. En reiteradas ocasiones, cuando una sentencia del foro federal indica que un abogado cometió unos hechos que implican depravación moral, le hemos separado inmediatamente de la profesión legal.[7]

Anteriormente, este Tribunal ha expresado que depravación moral consiste en hacer algo contrario a la justicia, la honradez, los buenos principios o la moral. Así también, hemos definido depravación moral como "el estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la

---

profesión. A la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo, el nombre de la persona convicta será borrado, por orden del Tribunal, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, el Tribunal Supremo estará facultad[o] para dejar sin efecto o modificar la orden de suspensión."

[6] *In re* González Díaz, supra.

rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en su[s] consecuencias".[8]

### III.

Examinada la orden de desaforo y la orden de convicción dictadas por el Tribunal Federal para el Distrito de Puerto Rico y los documentos presentados por la abogada, concluimos que los delitos por los cuales la licenciada Colón Ledée fue convicta implican depravación moral y falta de honradez. Por ello, decretamos la suspensión provisional de la Licenciada Astrid Colón Ledée del ejercicio de la abogacía y la notaría hasta tanto advenga final y firme la sentencia condenatoria.

Como consecuencia, se le impone a la señora Colón Ledée el deber de notificar el resultado de los trámites apelativos pendientes en el caso criminal llevado en su contra. Además, la señora Colón Ledée notificará a todos sus clientes de su inhabilidad para seguir representándolos y deberá devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Deberá

---

[7] *In re* Arroyo Arroyo, 182 D.P.R. 83 (2011); *In re* Castillo Martínez, 173 D.P.R. 249 (2008); *In re* Martínez Maldonado, supra; *In re* Morell Corrada, supra.

[8] *In re* González Díaz, supra, a la pág. 651; *In re* Piñero Martínez, 161 D.P.R. 293, 296 (2004); *In re* García Quintero, 138 D.P.R. 669, 671 (1995).

acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la señora Astrid Colón Ledée y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se ordena el archivo de la queja AB-2013-417 hasta que la señora Colón Ledée solicite su reinstalación.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Astrid Colón Ledée

TS-10681

*SENTENCIA*

En San Juan, Puerto Rico, a 10 de enero de 2014.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte integrante de la presente Sentencia, suspendemos provisionalmente a la Lcda. Astrid Colón Ledée. Como consecuencia, se le impone a la señora Colón Ledée el deber de notificar el resultado de los trámites apelativos pendientes en el caso criminal llevado en su contra en el foro federal. Además, la señora Colón Ledée notificará a todos sus clientes de su inhabilidad para seguir representándolos y deberá devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la señora Colón Ledée y entregarlos al Director de la Oficina de Inspección de Notarias para el correspondiente examen e informe a este Tribunal.

Se ordena el archivo de la queja AB-2013-417 hasta que la señora Colón Ledée solicite su reinstalación.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo