per curiam:
I
La Leda. Astrid Colón Ledée fue admitida al ejercicio de la abogacía en nuestra jurisdicción el 3 de enero de 1994 y a la notaría el 3 de febrero de 1994. Desde entonces la abogada está activa en la profesión y no ha sido objeto de acción disciplinaria alguna por este Tribunal.
Mediante una Orden de Desaforo, el Tribunal de Dis-trito Federal para el Distrito de Puerto Rico separó indefi- *53 nidamente del ejercicio de la abogacía en ese foro a la li-cenciada Colón Ledée.(1) Ello como medida disciplinaria luego de que la licenciada fuera convicta de delito grave, específicamente por haber cometido fraude en un procedi-miento de quiebra.(2) Según la orden de desaforo, la abo-gada solicitó que no la suspendieran sumariamente hasta tanto se resolviera la apelación que instó para impugnar la convicción penal. La abogada fue condenada a cumplir tiempo en reclusión carcelaria y en libertad supervisada. En el dictamen, el tribunal de distrito instruyó a la Secre-taria de ese foro para que notificara la orden de desaforo a este Tribunal.
Al amparo de la See. 9 de la Ley de 11 de marzo de 1909 (4 LPRA see. 735) y del caso In re Bubón Otero, 153 DPR 829 (2001), ordenamos a la licenciada Colón Ledée que mostrara causa por la cual no debíamos suspenderla suma-riamente del ejercicio de la abogacía y notaría. En su es-crito Comparecencia Mostrando Causa al Honorable Tribunal Supremo de Puerto Rico, la abogada solicita, que detengamos el procedimiento disciplinario en su contra hasta tanto se resuelva en el foro federal la apelación de su convicción criminal, en la que cree que prevalecerá. Sos-tiene, además, que no debemos suspenderla de la profesión porque nunca ha sido objeto de proceso disciplinario en esta jurisdicción, que ha cumplido con el requisito de edu-cación jurídica continua, ha rendido trabajo pro bono y por-que no tuvo la oportunidad de una vista en el proceso de desaforo en la corte de distrito.
*54 II
Este Tribunal Supremo tiene la facultad inherente de reglamentar el ejercicio de la abogacía en nuestra jurisdicción. (3) Como parte de ello, podemos desaforar o suspender a aquellos miembros de la profesión que no estén aptos para desempeñar tan delicado ministerio.(4) La See. 9 de la Ley de 11 de marzo de 1909, supra, dispone que un abogado que sea hallado culpable de engaño, conducta inmoral, delito grave o delito menos grave —en conexión con el ejercicio de su profesión— o que sea culpable de cualquier delito que implique depravación moral, podrá ser suspendido o destituido de la profesión.(5)
No obstante, los motivos para ejercer nuestra facultad disciplinaria no se limitan a los que son específicamente dispuestos por ley, sino que se extienden a toda conducta desplegada por el abogado que afecte su condición moral y, de esa forma, lo haga indigno de ser miembro de este foro.(6) Por lo tanto, toda conducta delictiva del abogado que evidencie su quebrantamiento moral, aun cuando no sea producto o en conexión con el ejercicio de su profesión, es un motivo para desaforarlo o suspenderlo. En rei- *55 teradas ocasiones hemos separado inmediatamente de la profesión legal a un abogado cuando una sentencia del foro federal indica que cometió unos hechos que implican de-pravación moral.(7)
Este Tribunal ha expresado que la depravación moral consiste en hacer algo contrario a la justicia, la honradez, los buenos principios o la moral. Así también, hemos definido depravación moral como el “ ‘estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en [sus] consecuencias’ ”.(8)
III
Examinada la orden de desaforo y la orden de convic-ción dictadas por el Tribunal de Distrito Federal para el Distrito de Puerto Rico y los documentos presentados por la abogada, concluimos que los delitos por los cuales la li-cenciada Colón Ledée fue convicta implican depravación moral y falta de honradez. Por ello, decretamos la suspen-sión provisional de la Leda. Astrid Colón Ledée del ejercicio de la abogacía y la notaría hasta tanto advenga final y firme la sentencia condenatoria.

Como consecuencia, se le impone a la señora Colón Le-dée el deber de notificar el resultado de los trámites apela-tivos pendientes en el caso criminal llevado en su contra. Además, la señora Colón Ledée notificará a todos sus clien-tes de su inhabilidad para seguir representándolos y de-berá devolverles cualesquiera honorarios recibidos por tra-
*56
bajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notifica-ción de esta opinión “per curiam” y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la señora Astrid Colón Ledée y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se ordena el archivo de la queja AB-2013-417 hasta que la señora Colón Ledée solicite su reinstalación.

Se dictará sentencia de conformidad.

 “Order of Disbarment” emitida por el Tribunal de Distrito Federal para el Distrito de Puerto Rico el 21 de marzo de 2013 en el caso MISC. NO. 12-258 (ADC).

 La licenciada Colón Ledée fue convicta por los delitos siguientes: 18 USO see. 152(1) y (2), concealment of assets; 18 USC sec. 152(7), fraudulent transfers, y 18 USC sec. 371, conspiracy to commit offense or to defraud United States. Véase “Judgment in a Criminal Case”, Case Number 3:09 CR. 0131-02 (ADC), dictada por el Tribunal de Distrito Federal para el Distrito de Puerto Rico el 16 de noviembre de 2012.

 In re García Suárez, 189 DPR 995; In re Martínez Maldonado, 185 DPR 1085, 1087 (2012); In re González Díaz, 163 DPR 648, 650-651 (2005).

 In re Morell Corrada, 171 DPR 327, 330 (2007); In re González Díaz, supra.

 La Sec. 9 de la Ley de 11 de marzo de 1909 (4 LPRA sec. 735) dispone lo siguiente:
“El abogado que fuere culpable de engaño, conducta inmoral (malpractice), delito grave (felony) o delito menos grave (misdemeanor), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave come-tido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo, el nombre de la persona convicta será borrado, por orden del Tribunal, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, el Tribunal Supremo estará facultadlo] para dejar sin efecto o modificar la orden de suspensión”.

 Ira re González Díaz, supra.

 In re Martínez Maldonado, supra; In re Arroyo Arroyo, 182 DPR 83 (2011); In re Castillo Martínez, 173 DPR 249 (2008); In re Morell Corrada, supra.

 In re González Díaz, supra, pág. 651. Véanse: In re Piñero Martínez, 161 DPR 293, 296 (2004); In re García Quintero, 138 DPR 669, 671 (1995).