EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Carlos A. Marrero | 2014 TSPR 23 <br><br> 190 DPR ____ |

Número del Caso: AB-2012-87

Fecha: 14 de enero de 2014

Materia: Conducta Profesional – La suspensión será efectiva una vez advenga final y firme la Sentencia conforme a la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos A. Marrero

AB-2012-87

PER CURIAM

En San Juan, Puerto Rico, a 14 de enero de 2014.

En esta ocasión, nos encontramos en posición de suspender provisionalmente a un miembro de la profesión legal porque fue encontrado culpable por el Tribunal de Primera Instancia, Sala de Caguas, de cometer dos delitos graves en los casos E LE2012G0026 y E LE2012G0027. Por los hechos y fundamentos que discutimos a continuación, ordenamos la suspensión provisional del Lcdo. Carlos A. Marrero.

I

El licenciado Marrero fue admitido al ejercicio de la abogacía el 27 de enero de 1999.

Desde entonces, no ha sido parte en un proceso disciplinario ante este Tribunal.

El 28 de septiembre de 2012, el Tribunal de Primera Instancia declaró al licenciado Marrero convicto de delito grave por violar los artículos 2.8 y 3.1 de la Ley Núm. 54 de 15 de agosto de 1989, conocida como "Ley para la Prevención e Intervención con la Violencia Doméstica", 8 L.P.R.A. secs. 628 y 631. Por esos delitos, que implican incumplimiento con órdenes de protección y maltrato, el licenciado Marrero fue sentenciado a una pena de cuatro años y dos años, respectivamente, a cumplirse consecutivamente. En vista de ese acontecimiento, se presentó una queja en contra del licenciado Marrero ante este Tribunal.

El 12 de septiembre de 2013, emitimos una resolución en la que ordenamos al licenciado Marrero que mostrara causa por la cual no debíamos suspenderlo provisionalmente de la abogacía, según lo dispuesto en la Sección 9 de la Ley de 11 de marzo de 1909, 4 L.P.R.A. sec. 735. En cumplimiento con esa orden, el licenciado Marrero presentó una moción mediante la cual explicó que las sentencias en cuestión se encontraban ante la consideración del Tribunal de Apelaciones para ser revisadas. Adujo que, por no tratarse de sentencias finales y firmes, no ameritaba ser separado de la abogacía.

II

La Sección 9 de la Ley de 11 de marzo de 1909, supra, establece que

> [e]l abogado que fuere culpable de engaño, conducta inmoral (malpractice), delito grave (felony) o delito menos grave (misdemeanor), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo, el nombre de la persona convicta será borrado, por orden del Tribunal, del registro de abogados.

Véase, además, In re Dubón Otero, 159 D.P.R. 550 (2003).

En diversas ocasiones hemos reiterado la facultad inherente que posee este Tribunal para reglamentar el ejercicio de la abogacía en nuestra jurisdicción, así como para desaforar o suspender a aquellos abogados que no tengan la capacidad para desplegar las funciones que conlleva la profesión. In re Martínez Maldonado, 185 D.P.R. 1085, 1087 (2012); In re Zúñiga López, 177 D.P.R. 385, 388 (2009); In re Morell Corrada, 171 D.P.R. 327, 330 (2007); In re González Díaz, 163 D.P.R. 648 (2005). Esta autoridad se extiende a toda conducta delictiva del abogado que afecte sus condiciones morales y lo haga indigno de pertenecer a este foro. In re Zúñiga López, supra, pág. 389. Esto es así aun cuando su conducta no sea

producto del ejercicio de la profesión legal o en conexión con ella. Íd. Véase, además, In re González Díaz, supra, pág. 651.

Por tal razón, cuando surja de una sentencia que un abogado incurrió en actuaciones que implican depravación moral, procede suspenderlo inmediatamente de la profesión legal. In re Martínez Maldonado, supra; In re Arroyo Arroyo, 182 D.P.R. 83, 85-86 (2011); In re Bernal Sánchez, 160 D.P.R. 286, 288 (2003); In re Andújar Figueroa, 156 D.P.R. 873 (2002). En cuanto a los abogados respecta, hemos expresado que la depravación moral consiste "en hace[r] algo contrario a la justicia, la honradez, los buenos principios o la moral". In re Martínez Maldonado, supra. Véanse, además, In re Zúñiga López, supra, pág. 389; In re Morell Corrada, supra, pág. 330; In re González Díaz, supra, pág. 651.

## III

Luego de examinar la sentencia condenatoria dictada por el Tribunal de Primera Instancia, no hay duda de que la conducta por la que fue convicto el licenciado Marrero es constitutiva de depravación moral. Los delitos graves por los que fue convicto son causa para que se le suspenda provisionalmente del ejercicio de la abogacía. De advenir finales y firmes las sentencias en cuestión, procederá automáticamente la suspensión indefinida.

Por los fundamentos antes expuestos, se decreta la separación provisional del licenciado Marrero del ejercicio de la abogacía y se ordena que su nombre sea

borrado del registro de abogados autorizados a ejercer la profesión en nuestra jurisdicción. El licenciado Marrero deberá notificar a todos sus clientes su inhabilidad para continuar con su representación y deberá devolver los expedientes y honorarios recibidos por trabajos no rendidos en los casos pendientes. Además, deberá notificar oportunamente de la suspensión que hoy se ordena a los foros judiciales y administrativos en los que tenga un caso pendiente. Las gestiones antes descritas deberán ser certificadas a este Tribunal dentro del término de treinta días a partir de la notificación de esta Opinión.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos A. Marrero                        AB-2012-87

SENTENCIA

En San Juan, Puerto Rico, a 14 de enero de 2014.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, se decreta la separación provisional del licenciado Marrero del ejercicio de la abogacía y se ordena que su nombre sea borrado del registro de abogados autorizados a ejercer la profesión en nuestra jurisdicción. El licenciado Marrero deberá notificar a todos sus clientes su inhabilidad para continuar con su representación y deberá devolver los expedientes y honorarios recibidos por trabajos no rendidos en los casos pendientes. Además, deberá notificar oportunamente de la suspensión que hoy se ordena a los foros judiciales y administrativos en los que tenga un caso pendiente. Las gestiones antes descritas deberán ser certificadas a este Tribunal dentro del término de treinta días a partir de la notificación de esta Opinión.

Lo acordó y ordena el Tribunal, y lo certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco concurre sin opinión escrita. El Juez Asociado señor Rivera García no intervino.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo