per curiam:
En esta ocasión, nos encontramos en posi-ción de suspender provisionalmente a un miembro de la profesión legal porque el Tribunal de Primera Instancia, Sala de Caguas, lo halló culpable de cometer dos delitos graves en los casos E LE2012G0026 y E LE2012G0027. Por los hechos y fundamentos que discutimos a continua-ción, ordenamos la suspensión provisional del Ledo. Carlos A. Marrero.
I
El licenciado Marrero fue admitido al ejercicio de la abo-gacía el 27 de enero de 1999. Desde entonces, no ha sido parte en un proceso disciplinario ante este Tribunal.
El 28 de septiembre de 2012, el Tribunal de Primera Instancia declaró culpable de delito grave al licenciado Ma-rrero por violar los Artículos 2.8 y 3.1 de la Ley Núm. 54 de 15 de agosto de 1989, conocida como Ley para la Preven-ción e Intervención con la Violencia Doméstica, 8 LPRA sees. 628 y 631. Por esos delitos, que implican incumpli-miento con órdenes de protección y maltrato, el licenciado *75 Marrero fue sentenciado a una pena de cuatro años y dos años, respectivamente, a cumplirse consecutivamente. Como resultado de ese acontecimiento, se presentó una queja en contra del licenciado Marrero ante este Tribunal.
El 12 de septiembre de 2013 emitimos una Resolución en la que ordenamos al licenciado Marrero que mostrara causa por la cual no debíamos suspenderlo provisional-mente de la abogacía, según lo dispuesto en la Sección 9 de la Ley de 11 de marzo de 1909 (4 LPRA sec. 735). En cum-plimiento con esa orden, el licenciado Marrero presentó una moción mediante la cual explicó que las sentencias en cuestión se encontraban ante la consideración del Tribunal de Apelaciones para ser revisadas. Adujo que, por no tra-tarse de sentencias finales y firmes, no ameritaba ser se-parado de la abogacía.
II
La Sección 9 de la Ley de 11 de marzo de 1909, supra, establece que
[e]l abogado que fuere culpable de engaño, conducta inmoral {malpractice), delito grave {felony) o delito menos grave {misdemeanor), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abo-gado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser com-petente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo, el nombre de la persona convicta será borrado, por orden del Tribunal, del registro de abogados. Véase, además, In re Dubón Otero, 159 DPR 550 (2003).
En diversas ocasiones hemos reiterado la facultad inhe-rente que posee este Tribunal para reglamentar el ejercicio de la abogacía en nuestra jurisdicción, así como para des- *76 aforar o suspender a aquellos abogados que no tengan la capacidad para llevar a cabo las funciones que conlleva la profesión. In re Martínez Maldonado, 185 DPR 1085, 1087 (2012); In re Zúñiga López, 177 DPR 385, 388 (2009); In re Morell Corrada, 171 DPR 327, 330 (2007); In re González Díaz, 163 DPR 648 (2005). Esta autoridad se extiende a toda conducta delictiva del abogado que afecte sus condiciones morales y lo haga indigno de pertenecer a este foro. In re Zúñiga López, supra, pág. 389. Esto es así aun cuando su conducta no sea producto del ejercicio de la pro-fesión legal o esté en conexión con ella. Id. Véase, además, In re González Díaz, supra, pág. 651.
Por tal razón, cuando surja de una sentencia que un abogado incurrió en actuaciones que implican depravación moral, procede suspenderlo inmediatamente de la profesión legal. In re Martínez Maldonado, supra; In re Arroyo Arroyo, 182 DPR 83, 85-86 (2011); In re Bernal Sánchez, 160 DPR 286, 288 (2003); In re Andújar Figueroa, 156 DPR 873 (2002). En cuanto a los abogados respecta, hemos ex-presado que “la depravación moral consiste en hacer algo contrario a la justicia, a la honradez, a los buenos principios o a la moral”. In re Martínez Maldonado, supra, pág. 1087. Véanse, además: In re Zúñiga López, supra, pág. 389; In re Morell Corrada, supra, pág. 330; In re González Díaz, supra, pág. 651.
III
Luego de examinar el dictamen condenatorio del Tribunal de Primera Instancia, no hay duda de que la conducta por la que el licenciado Marrero fue sentenciado constituye depravación moral. Los delitos graves que se probaron son causa para que se le suspenda provisionalmente del ejerci-cio de la abogacía. Si las sentencias en cuestión advienen finales y firmes, la suspensión indefinida será automática.
*77 Por los fundamentos antes expuestos, se decreta la se-paración provisional del licenciado Marrero del ejercicio de la abogacía y se ordena que su nombre sea borrado del registro de abogados autorizados a ejercer la profesión en nuestra jurisdicción. El licenciado Marrero deberá notifi-car a todos sus clientes su inhabilidad para continuar con su representación y deberá devolver los expedientes y hono-rarios recibidos por trabajos no rendidos en los casos pendientes. Además, deberá notificar oportunamente de la suspensión que hoy se ordena a los foros judiciales y admi-nistrativos en los que tenga un caso pendiente. Las gestio-nes antes descritas deberán ser certificadas a este Tribunal dentro del término de treinta días a partir de la notifica-ción de esta Opinión.

Se dictará Sentencia de conformidad.

La Jueza Asociada Señora Pabón Charneco concurrió sin opinión escrita. El Juez Asociado Señor Rivera García no intervino.