EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2014 TSPR 65 |
| Rafael Doitteau Cruz | 190 DPR ____ |

Número del Caso: TS-5827

Fecha: 29 de abril de 2014

Abogados de la Parte Querellada:

       Lcdo. Hiram Morales Lugo
       Lcdo. Jaime Santos Santiago

Oficina de la Procuradora General:

       Lcda. Karla Pacheco Álvarez
       Subprocuradora General

       Lcda. María C. Ortiz Toral
       Procuradora General Auxiliar

Materia: La suspensión será efectiva una vez advenga final y firme la Sentencia conforme la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Rafael Doitteau Cruz

TS-5827

PER CURIAM

En San Juan, Puerto Rico, a 29 de abril de 2014.

Nos corresponde suspender provisionalmente a un miembro de la profesión legal que fue encontrado culpable por el Tribunal de Primera Instancia, Sala de Mayagüez, de cometer cuatro delitos graves. Por los hechos y fundamentos que discutimos a continuación, ordenamos la suspensión provisional del Lcdo. Rafael Doitteau Cruz.

I.

El licenciado Doitteau Cruz fue admitido al ejercicio de la profesión legal el 14 de abril de 1978. El 8 de mayo de 1978 fue autorizado a ejercer la notaría.

El 20 de marzo de 2014, el licenciado Doitteau Cruz presentó un escrito ante este Tribunal mediante el cual informó que el 14 de marzo de 2014 un jurado de la Región Judicial de Mayagüez lo encontró culpable de tres cargos graves de actos lascivos bajo el Art. 144 del Código Penal de 2004, 33 LPRA sec. Ant. 4772, y de un cargo grave de actos lascivos e impúdicos bajo el Art. 105-A del Código Penal de 1974, 33 LPRA sec. Ant. 4067. Estos delitos fueron cometidos en contra del menor de edad M.A.M.S. Solicitó que se le suspendiera del ejercicio de la práctica legal y notarial. Incluyó la resolución del Tribunal de Primera Instancia, Sala Superior de Mayagüez, en la que se recoge el veredicto de culpabilidad.

El 4 de abril de 2014, la Procuradora General compareció ante nosotros y solicitó que suspendiéramos provisionalmente al licenciado Doitteau Cruz hasta tanto adviniera final y firme el dictamen del foro primario. Argumentó que los delitos por los cuales el licenciado Doitteau Cruz fue declarado culpable implican depravación moral.

## II.

Este Tribunal tiene la facultad inherente de reglamentar el ejercicio de la abogacía en nuestra jurisdicción y de desaforar o suspender a los abogados que no sean aptos para ejercer la profesión. In re Martínez Maldonado, 185 DPR 1085, 1087 (2012); In re Morell Corrada, 171 DPR 327, 330 (2007); In re González Díaz, 163 DPR 648

(2005). Esta facultad no se limita a aquellas causas que surjan con motivo del ejercicio de la profesión; basta con que la conducta desplegada por el abogado afecte sus condiciones morales y, de esa forma, lo haga indigno de ser miembro de este Foro. In re González Díaz, supra, pág. 651.

La Ley de 11 de marzo de 1909, 4 LPRA sec. 735, establece que un abogado que sea hallado culpable de engaño, conducta inmoral, delito grave o delito menos grave, en conexión con el ejercicio de su profesión, o que sea culpable de cualquier delito que implique depravación moral, podrá ser suspendido o destituido de la profesión. Véanse, además, In re Dubón Otero, 159 DPR 550 (2003); In re Andújar Figueroa, 156 DPR 873 (2002).

Este Tribunal ha definido depravación moral como una actuación contraria a la justicia, la honradez, los buenos principios o la moral. In re Isel M. Falcón López, 2013 TSPR 123, 189 DPR ___ (2013); In re Toro Goyco, 170 DPR 432, 436 (2007); In re Vega Morales, 167 DPR 331, 335 (2006); In re Piñero Martínez, 161 DPR 293, 295-296 (2004).

La depravación, hemos dicho, es "un estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud; en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en sus consecuencias". Morales Merced v. Tribunal Superior,

93 DPR 423 (1966). Véase, además, In re García Quintero, 138 DPR 669, 671 (1995).

### III

Luego de examinar el expediente, concluimos que la conducta por la que fue declarado culpable el licenciado Doitteau Cruz es constitutiva de depravación moral. Su conducta afecta directamente sus cualidades morales y lo hacen indigno de pertenecer a este Foro. Ahora bien, su convicción no es final y firme. Por eso, decretamos la separación provisional del licenciado Doitteau Cruz del ejercicio de la abogacía y de la notaría, y se ordena que su nombre sea borrado del registro de abogados autorizados a ejercer la profesión en nuestra jurisdicción.

El licenciado Doitteau Cruz deberá notificar a todos sus clientes su inhabilidad para continuar con su representación y deberá devolver los expedientes y honorarios recibidos por trabajos no rendidos en los casos pendientes. Además, deberá notificar oportunamente la suspensión que hoy se ordena a los foros judiciales y administrativos en los que tenga un caso pendiente. Las gestiones antes descritas deberán ser certificadas a este Tribunal dentro del término de treinta días a partir de la notificación de esta Opinión. Además, se ordena al Alguacil General de este Tribunal que incaute la obra notarial del licenciado Doitteau Cruz.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Rafael Doitteau Cruz                    TS-5827

SENTENCIA

En San Juan, Puerto Rico, a 29 de abril de 2014.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, concluimos que la conducta por la que fue declarado culpable el licenciado Doitteau Cruz es constitutiva de depravación moral. Su conducta afecta directamente sus cualidades morales y lo hacen indigno de pertenecer a este Foro. Ahora bien, su convicción no es final y firme. Por eso, decretamos la separación provisional del licenciado Doitteau Cruz del ejercicio de la abogacía y de la notaría, y se ordena que su nombre sea borrado del registro de abogados autorizados a ejercer la profesión en nuestra jurisdicción.

El licenciado Doitteau Cruz deberá notificar a todos sus clientes su inhabilidad para continuar con su representación y deberá devolver los expedientes y honorarios recibidos por trabajos no rendidos en los casos pendientes. Además, deberá notificar oportunamente la suspensión que hoy se ordena a los foros judiciales y administrativos en los que tenga un caso pendiente. Las gestiones antes descritas deberán ser certificadas a este Tribunal dentro del

término de treinta días a partir de la notificación de esta Opinión. Además, se ordena al Alguacil General de este Tribunal que incaute la obra notarial del licenciado Doitteau Cruz.

Lo acordó y ordena el Tribunal, y lo certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco concurre sin opinión escrita. La Jueza Presidenta Interina señora Fiol Matta no intervino. El Juez Asociado señor Kolthoff Caraballo no intervino.


Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo